Frank Reinhardt et al., Appellants, v. Security Insurance Company of New Haven, Connecticut, Appellee.

Opinion filed November 9, 1936.

James O. Miller, of Belleville, for appellants.

Walter E. Ackermann, of Belleville, and Samuel Levin, of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court.

Frank Reinhardt, trustee, instituted this suit against Security Insurance Company of New Haven, Connecticut, Sebastian Huskamp and Rose Huskamp to recover a loss under a fire insurance policy issued by the insurance company to the Huskamps. The real estate upon which the insured property was located was incumbered by mortgage to F. E. Schniedewind trustee, the said mortgage and the notes it secured were assigned to plaintiff prior to the fire loss.

The defendant insurance company filed a motion to dismiss on the grounds the complaint did not show privity of contract between the plaintiff and the defendant company. The court sustained the motion and plaintiff obtained leave of court to file an amended complaint. An amended complaint was filed and in it plaintiff joined the Huskamps as plaintiffs. The insurance company then filed a motion to strike and for judgment in bar of action and for costs against plaintiff. As grounds for the motion it urged that plaintiff did not obtain leave of court to make the Huskamps party plaintiff.

November 18, 1935, the court entered an order striking the amended complaint "for the reason that leave was neither asked or given to make new parties."

Plaintiff elected to stand by the amended complaint and his suit was dismissed and a judgment entered against him for costs.

The judgment order entered by the court implies that by the amendment, parties who had not been in the proceedings prior thereto were brought into the

case, but such was not the fact. The Huskamps were parties defendant, had been personally served but had not appeared or filed an answer. The Huskamps have not questioned plaintiff's action in making them parties plaintiff and defendant has not pointed out in what particular the change of parties would jeopardize its interests.

Plaintiff did not have the right to file an amended pleading without first obtaining leave of court and failure to obtain such permission is grounds for striking such amendment. *Firestone Tire & Rubber Co. v. Ginsburg,* 285 Ill. 132; *Walter Cabinet Co. v. Russell,* 250 Ill. 416. Plaintiff did obtain leave to file an amended complaint. The court order granting leave did not specify in what particular the complaint was to be amended and therefore plaintiff had the right to amend in such particular as was necessary to state his cause of action. Whether the amended complaint stated a cause of action against the defendant and whether the naming of the Huskamps as parties plaintiff aided in the statement of such a cause of action is not before us for the reason defendant's motion did not raise any question testing the sufficiency of the allegations in the complaint. The basis of the motion is, that no order was obtained by the plaintiff for leave to make additional parties plaintiff and prayed that plaintiff take nothing by his suit and a judgment for costs be entered against him. The judgment appealed from followed the motion.

Section 46 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 174 (Smith-Hurd, chapter 110, section 170) provides that any time before final judgment amendments may be allowed introducing any party who ought to have been joined as plaintiffs or defendants so as to enable the plaintiff to sustain the claim for which the action was brought.

Section 26 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 154 (Smith-Hurd, chapter 110, section 150) provides that no action shall be defeated by non-joinder or mis-joinder of parties. New parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause before or after judgment as the ends of justice may require.

The proper practice would have been for plaintiff to have given notice of his intention to apply to the court for leave to transpose the Huskamps from parties defendant to plaintiff and when leave was granted to file his amended complaint making them parties plaintiff. If the propriety of making them had been questioned the court would, if there was a misjoinder, have acted under section 26 of the Civil Practice Act and ordered them dropped as parties but by the express provision of said section such action by the court would not have defeated plaintiff's cause of action.

Since defendant's motion was limited to and only questioned plaintiffs' right to transpose the Huskamps from parties defendant to plaintiff, the court should have limited its order in the same way and struck their names as parties plaintiff from the amended complaint. It was error to dismiss the suit in bar of the action.

The judgment of the circuit court is reversed and the cause remanded with directions to strike the Huskamps' names as parties plaintiff in the amended complaint.

*Reversed and remanded.*