**City of Chicago, Plaintiff-Appellee, v. 3 Oaks Wrecking & Lumber Company, August Riccio, Owner, Defendant-Appellant.**

**Gen. No. 49,928.**

First District, Third Division.

December 16, 1965.

Rehearing denied January 6, 1966.

Daniel A. Gallagher, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Dominick P. Dolci, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

August Riccio is one of the owners of the 3 Oaks Wrecking & Lumber Company. In April 1964, the City of Chicago, in three quasi-criminal complaints, charged him and his company with maintaining on three occasions an open fire which discharged dense smoke and endangered surrounding property in violation of sections 17–23 and 193.8, respectively, of the Municipal Code of Chicago. In a nonjury trial on the return date, May 15, 1964, the defendant was found guilty and fined $400 in each case.

The defendant filed motions to vacate the judgments. The motions were supported by affidavits which stated, inter alia, that the defendant was unable to appear in court on May 15th, that his attorney asked for and was denied a continuance, that the court proceeded to hear the cases over objection and that the defendant had a good and meritorious defense to the City's charges which he was unable to present because of the immediate trial. The motions were denied and the three cases were consolidated for appeal. In his appeal the defendant contends that the court abused its discretion in refusing to grant a continuance the first day the case came up; that the court erred in holding that the defendant had to be ready for trial on the return date specified in the summons and that, in overruling his objections to trial on the return date, the court did not follow rule 2 of the Supreme Court.

■■ At the outset we are confronted with the record of the court which recites what took place on May 15th. The record contradicts the defendant's version of what occurred. The record, in each of the three cases, recites that the defendant was present in open court, waived a jury trial and submitted the cause to the court for trial. The orders in the record state that the court heard the evidence, the arguments of counsel and was fully advised in the premises before finding the defendant guilty and

assessing the fines. The properly authenticated record imports verity and we are bound by it. Spears v. Spears, 45 Ill App2d 167, 195 NE2d 237; County Board of School Trustees of DuPage County for Use of School Dist. No. 46, DuPage County v. Bendt, 30 Ill App2d 329, 174 NE2d 404. We cannot accede to the defendant's request that we reject the record and accept in its stead the affidavits filed in his motion to vacate. The court record is conclusive and affidavits cannot impeach it.

██ There is no report of proceedings in the record and we, therefore, must assume that the evidence heard by the court was sufficient to support the court's judgments. Jones v. Jones, 48 Ill App2d 232, 198 NE2d 195; Janecko v. Appleton Elec. Co., 38 Ill App2d 116, 186 NE2d 662; Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559.

An examination of the record reveals no error by the trial court and there is nothing therein to sustain the contentions made by the defendant. The judgments are affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.