County of Winnebago, a Body Corporate Politic, Plaintiff-Appellee, v. Lester E. Willsey and Juanita M. Willsey, Defendants-Appellants.

Gen. No. 69–146.

Second District.

April 15, 1970.

Rehearing denied May 21, 1970.

John R. Snively, of Rockford, for appellants.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, and Alfred W. Cowan, Jr., Special Assistant State's Attorney, for appellee.

MR. JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal is from an order of the Circuit Court of Winnebago County, which permanently enjoined and restrained the defendants from using certain described premises for the storage of commercial truck trailers or truck tractors and uses incidental thereto, or as otherwise permitted in the agricultural district under the County zoning ordinance.

On March 20, 1968, the defendants purchased the land in question which is located at 3101 North Central Avenue in an unincorporated area. Pursuant to ordinance passed in 1947, the premises are zoned for agricultural purposes, which zoning does not permit general business uses or storage of vehicles. The property consists of approximately 6¾ acres, a substantial part of which defendants used for growing corn, for pasture, for raising some chickens and for horses.

One of the defendants, Lester E. Willsey, appearing pro se at the time of trial, testified that he is engaged in the moving and storage business under the name "Willsey

151

Transfer"; that he owned or had an interest in fifteen semitrailers, eight of which were parked at the rear of the land in question; that the Willsey Transfer office address was 3101 North Central Avenue; that he derived his income from the transfer and storage business and from investments; that he had used two of the trailers for the storage of hay, but that the last bale of hay was gone by the time of trial; that most of the trailers were old and obsolete, and that the basic use for the majority of them was to rent them out to stores such as J. C. Penney for the storage of tires.

The prosecution introduced into evidence an advertisement from the yellow pages of the local telephone directory, which showed the address of Willsey Transfer to be 3101 North Central Avenue.

The first question raised is defendant's assertion that the complaint did not state a cause of action because (1) the name of the plaintiff was not set forth in the body of the complaint (although it appeared in the caption and introductory paragraph); (2) it did not allege that the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois; (3) it did not allege that the plaintiff has the legal capacity to sue; and (4) it did not allege that the plaintiff had a remedial interest in the cause of action asserted.

The sufficiency of the complaint was not challenged by the defendants in the trial, but is raised for the first time on review. Defendants' only citation of authority is Ill Rev Stats 1967, c 110, § 21(4). This particular subsection states, as follows:

> "A party shall set forth in the body of his pleading the names of all parties for and against whom relief is sought thereby."

██ Defendants' contention is that, since the plaintiff's name was not set forth in the body of the complaint

and its legal existence was not alleged therein, the complaint was totally defective. This same contention was considered in the case of Federal Ins. Co. v. Ainsworth, 31 Ill App2d 19, 175 NE2d 804 (1961). The court there held that where the introductory paragraph of a complaint stated that plaintiff was a corporation (as in the instant case), there is sufficient compliance with the requirements of section 21(4) of the Civil Practice Act provision, and that the fact that there was no numbered allegation of the corporate status of the plaintiff did not render the complaint insufficient.

In addition, section 45(1) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 45(1)) provides, "All objections to pleadings shall be raised by motion," which ". . . shall point out specifically the defects complained of, and shall ask for appropriate relief. . . ." Section 42(3), (2) of the Act further provides that, "All defects in pleadings, either in form or substance, not objected to in the trial court are waived," and also recites that, "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

The rule to be applied when the question of the sufficiency of a pleading is raised for the first time on appeal, is that it will only be considered when the complaint fails wholly to state a cause of action and will not be considered when the allegations are merely defective or imperfectly set forth. Lion Specialty and Properties, Inc. v. Chicago Zoning Board of Appeals, 107 Ill App2d 354, 247 NE2d 30 (1969).

In the case at bar, the defendants answered the complaint in its present form, without objection, and the case proceeded to trial. This court is of the opinion that the complaint substantially alleged a cause of action, although somewhat imperfectly, and that defendants waived any defect therein. Further, the complaint con-

tained sufficient information to reasonably inform the defendants of the nature of the claim they were called upon to meet.

The defendants' next contention is that an affirmative defense raised in their answer was admitted by the failure of the plaintiff to reply to the same. Again, no objection was raised at the trial and defendants produced evidence in support of the affirmative defense as alleged in their answer.

■ In the case of Sottiaux v. Bean, 408 Ill 25, 29, 95 NE2d 899 (1951), our Supreme Court had before it a similar circumstance and, in quoting from Cienki v. Rusnak, 398 Ill 77, 75 NE2d 372, said:

"Where, in the absence of a reply, defendant introduces evidence to prove an affirmative defense, the failure to file a reply is waived and the absence of a reply does not constitute an admission."

Defendants next contend that the evidence was insufficient to support the order for injunction. It is claimed that the proof shows that some of the semitrailer trucks were used for storing hay and materials for building and that the principal use of the land was for agricultural purposes.

Willsey, on cross-examination, testified that some of his tractors and trailers, located on the premises in question, were used in his transfer and storage business; that his transfer and storage business is advertised in the yellow pages, stating that his business address is 3101 North Central Avenue, and that the last of the hay he had stored had been removed from the trailers by the time the trial commenced.

■ ■ The issue at trial, as developed by the evidence (which included the defendants' affirmative defense), was whether defendants' use of the premises was for agricultural purposes and uses incidental thereto. Since this was a bench trial, it became the duty of the

154

trial court to weigh the evidence and to draw therefrom proper inferences and conclusions. Having done so, such conclusions will not be disturbed on review, unless contrary to the manifest weight of the evidence. Walz v. Traders Development Corp., 80 Ill App2d 386, 224 NE2d 483 (1967). We find that there is ample evidence in the instant case to support the trial court's findings in favor of the plaintiff and that its decision was not against the manifest weight of the evidence.

Defendants' final contention is that the order for injunction is void because it does not set forth the reasons for its issuance, it does not describe in reasonable detail the act or acts sought to be restrained and it is not specific in its terms, all of which are required under Ill Rev Stats 1967, c 69, § 3–1.

The finding portion of the order, in essence, states that the cause came on for hearing on plaintiff's complaint for injunction and the defendants' answer thereto, both parties appeared, the court was fully advised in the premises and heard testimony of the witnesses, and finds the issues for the plaintiff and against the defendant.

The ordering portion states:

> "THEREFORE, IT IS ORDERED that the defendants and each of them and their agents, employees and assigns be permanently enjoined and restrained from using the following described premises for the storage of commercial truck trailers or truck tractors and uses incidental thereto, or as otherwise permitted in the Agricultural District under the Winnebago County Zoning Ordinance, and that a writ of permanent injunction shall issue therefor: . . . ."

■ ■ Section 3–1 primarily concerns itself with the issuance of temporary restraining orders which is not the case before us. In the instant case, after a full hearing, a final decree was entered wherein a permanent injunction was issued. Section 64(4) (Ill Rev Stats 1967, c 110,

§ 64(4)) of the Civil Practice Act is applicable in the present situation and reads:

"No special findings of fact . . . are necessary in any case in equity to support the decree."

See also, Peoples Gas Light & Coke Co. v. Slattery, 287 Ill App 379, 390, 5 NE2d 285 (1936).

 Defendants have not specified wherein the order is too broad. From a reading it can be seen that, contrary to the defendants' contention, it does specify in detail the acts sought to be restrained. The order was drawn in conformance with the pleadings and proof that was presented to the court.

For the reasons herein stated, the judgment of the trial court will be affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.