MILES HOMES INCORPORATED OF ILLINOIS, Plaintiff-Appellant, *v.* DOROTHY LYONS *et al.,* Defendants-Appellees.

(No. 72-120; ▮▮▮▮▮▮▮▮▮▮

Third District—November 9, 1972.

John Lewarne, of Rock Island, for appellant.

Winstein, Kavensky & Wallace, of Rock Island, Stanley J. Lipczynski, of Moline, and William J. Dalton, of East Moline, (Franklin S. Wallace, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the denial of the circuit court of Rock Island County to foreclose a mortgage.

The factual situation which resulted in the mortgage foreclosure proceedings is that the defendants Mr. and Mrs. Garmon on April 16, 1964, entered into an agreement with the plaintiff, Miles Homes Incorporated, to purchase materials for a house. On the same date the Garmons signed a note and a mortgage on Lot 23, Grand View Addition to Coal Valley,

Rock Island County, Illinois. On the date when these instruments were executed the Garmons had no legal or equitable interest in the lot; however, subsequently on April 28, 1964, the Garmons signed a contract to purchase the lot from the defendant Dorothy M. Lyons for the sum of $1850.

On March 11, 1965, Mr. Garmon filed for bankruptcy listing as creditors the plaintiff and defendant Lyons. He stated that a balance of $1620.87 was owed under the contract of purchase which he had with Lyons.

On August 24, 1965, the trustee in bankruptcy disclaimed any interest in Lot 23, Grand View Addition, and on October 2, 1965, the Garmons quitclaimed their interest in the contract which they had with Lyons to the defendant McNeal. On November 16, 1965, in consideration of $1568.41 the defendant Lyons conveyed by warranty deed her interest in Lot 23 to McNeal.

Subsequent to these various transactions the defendant McNeal corresponded with the plaintiff concerning the condition of the house located thereon. He suggested to the plaintiff that he might purchase the same or in the alternative that it be removed. After seven months had transpired and not hearing from his correspondence, McNeal again wrote the plaintiff advising them that they had until July 1, 1966, to remove their property and on failure to do so he was going to employ a contractor for the purpose of making the house habitable.

On or about August 8, 1966, the defendant Dye at McNeal's request repaired the residence for the sum of $5819.09 and the work was completed on November 7, 1966. The defendant Dye intervened in the suit as a lien holder for labor and materials supplied, but the validity of his lien is not an issue in this appeal.

The trial court denied and dismissed the plaintiff's complaint for foreclosure and this appeal ensued, raising as the first issue whether or not the purported mortgage executed by the defendant Garmons in favor of the plaintiff did or did not attach to Lot 23, the subject property.

It is the contention of the plaintiff that the defendant Garmons acquired an equitable interest to Lot 23 which inured to its benefit as mortgagee. In support of this contention the plaintiff cites Illinois' "after acquired" statute which provides as follows:

"If any person shall sell and convey to another, by deed or conveyance, purporting to convey an estate in fee simple absolute, in any tract of land or real estate, * * * not then being possessed of the legal estate or interest therein at the time of the sale and conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate to the land or real estate so sold and conveyed, it shall be taken and held to

be in trust for the use of the grantee or vendee; and the conveyance * * * shall be * * * as valid as if the grantor or vendor had the legal estate or interest, at the time of said sale or conveyance." Chap. 30, Sec. 6, Ill. Rev. Stat.

After examining the above statute it becomes quite apparent that it is not applicable to the facts in the instant case. Transposing the facts before us into the language of the statute it in substance says, "that if the grantors, the Garmons, thereafter became possessed and confirmed in the legal estate to Lot 23 they shall hold it in trust for the use of their grantee." That the statute applies to mortgages as well as deeds of conveyance as asserted by the plaintiff is of no consequence since one vital ingredient necessary for the utilization of the "after acquired" doctrine is missing. That ingredient is possession of a title or legal estate by the Garmons. It is crystal clear from the record that the Garmons never became possessed of such a title or legal estate that could be later acquired from them by anyone.

In a foreclosure proceedings the bill should allege the title of the mortgagors in the mortgaged premises. (*Sielbeck v. Grothman*, 248 Ill. 435, 94 N.E. 67.) In the instant case there was no such allegation in the plaintiff's complaint and correctly so since the mortgagors, the Garmons, never acquired title to Lot 23.

A case similar to the one we are now considering is *Eade v. Brownlee*, 29 Ill.2d 214, 193 N.E.2d 786. In *Eade* our Supreme Court held that under articles of agreement for warranty deed providing that no interest, legal or equitable, in premises should vest in the purchaser until delivery of deed by the seller or until full payment of the purchase price, it was the intention of the parties that no equitable title sufficient to make a mortgage. The court specifically held that the mortgagee could have no greater rights than their mortgagor. This decision is dispositive of the issue we are considering in that the plaintiff could acquire only those rights or interest in Lot 23 which were vested in the Garmons.

While the result is unfortunate to the plaintiff who in good faith supplied certain materials, we cannot ignore well settled principles of law. The Garmons as purported mortgagors had no legal title or equitable interest that would sustain a mortgage so that it would attach to Lot 23. Therefore we can only conclude that the trial court was not in error in denying the plaintiff's complaint for foreclosure.

Lastly the plaintiff contends that the defendant McNeal has been unjustly enriched and that a sale of the premises should be decreed so as to resolve the claims of the various parties concerned. It is impossible for us to consider and make a determination of this issue since it was never raised in the trial court and consequently the record is barren of

evidence necessarily pertinent to the question. Not only are we unable to consider this contention but it is also well settled that issues which have not been raised in the trial court cannot be argued for the first time on appeal. *Estate of Segur v. Jacoby,* 5 Ill.App.3d 459, 283 N.E.2d 76; *Little Sister Coal Corp. v. Dawson,* 45 Ill.2d 342, 259 N.E.2d 35.

For the foregoing reasons we are of the opinion that the trial court was correct in denying and dismissing the plaintiff's complaint for foreclosure.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.