EDWARD J. DUFFY, Plaintiff-Appellant, *v.* REPUBLIC VANGUARD INSURANCE COMPANY, Defendant-Appellee.

(No. 56061; ▮▮▮▮▮▮▮▮▮▮▮

First District—December 5, 1972.

Edward J. Duffy, *pro se.*

Gary L. Griffin, of Dent, Hampton & McNeela, of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The plaintiff sued to recover for loss of an automobile stereo tape player, two dozen stereo tapes, and a stereo tape case stolen from plaintiff's automobile on May 11, 1970, when the car was parked in his drive-

way. Jury being waived, the court heard the case and found that the items were not covered under the unscheduled personal property clause of the homeowner's insurance policy purchased from defendant. Judgment was thereupon entered for defendant, and plaintiff has appealed.

Plaintiff testified that the 8-track stereo tape player was primarily designed for use in an automobile, and was installed in the vehicle by cutting holes in the glove compartment and rear seat parcel shelf and bolting the speakers into place. He further testified that the two dozen 8-track stereo tapes could be played only on an 8-track player, and that he had in his home only a 4-track player.

The applicable portion of plaintiff's homeowner's policy provided:

"COVERAGE C—UNSCHEDULED PERSONAL PROPERTY.

1. On premises: This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while on the premises, or at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

This coverage does not include: animals, birds, automobiles, * * *.

2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere on the premises, * * *."

Upon motion by the defendant a finding was rendered that the items taken were not usual or incidental to the occupancy of the premises as a dwelling and therefore are not covered by the policy. The draft order phrased the court's finding as follows: "The auto stereo player, the tapes used in connection therewith and the tape case are not usual to or incidental to the occupancy of the home of the insured, and, therefore, are not covered by defendant's policy."

■■ Plaintiff contends on appeal that the evidence does not support the finding and that the use of the word "home" instead of "dwelling" in the draft order usurped the function of the Illinois Director of Insurance, who has approved the language contained in policies of this kind. We see no basis for any apprehension of this sort. In the instant case, dwelling and home are synonymous.

■■ A finding of fact by a trial court sitting without a jury will not be reversed unless it is against the manifest weight of the evidence. (*County of Winnebago v. Willsey*, 122 Ill.App.2d 149; *Liberty Mutual Insurance Co. v. Gordon*, 94 Ill.App.2d 90; *Shilling v. Campbell*, 38 Ill. App.2d 180; *Porterfield v. Truck Insurance Exchange*, 28 Ill.App.2d 195.) The finding by the trial court in the instant case—that the items

taken from plaintiff's automobile were not usual or incidental to the occupancy of his premises as a dwelling—was amply supported by the evidence adduced at trial.

Plaintiff's second contention on appeal is an attempt to draw a meaningless distinction between the terms used by the trial court in its oral finding and the draft order adopted by it. We find no merit in such argument.

Judgment affirmed.

LEIGHTON and HAYS, JJ., concur.