INTERSTATE PRINTING Co., Plaintiff-Appellee, *v.* LAWRENCE CALLAHAN *et al.*, Defendants-Appellants.

(No. 58769;

First District (5th Division)—March 29, 1974.

William T. Halvorsen, of Chicago, for appellants.

Rappaport and Meyer, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment, after a bench trial, for $5,183.00 for printing services rendered. On appeal, the issues presented by defendant are whether (1) the failure of plaintiff to reply to affirmative defenses in an amended answer are an admission thereof; (2) the judgment was against the manifest weight of the evidence; and (3) the trial court should have granted defendants' post-trial motion to vacate the judgment.

It appears from the pleadings that Commercial Travelers Club (Commercial) requested defendants to print brochures and that defendants gave an order to plaintiff to do the printing, which plaintiff alleges was completed on February 5, 1970.

Plaintiff filed a complaint seeking $6,231.64, which allegedly was the cost of the printing. Defendants answered, denying all of the allegations of the complaint. Later defendants filed an amended answer, making the same denials but also asserting affirmatively that on February 5, 1970 they cancelled the printing order placed with plaintiff because (1) plaintiff increased its original price quotation without the consent of defendants; and (2) plaintiff admitted it could not meet the requested delivery date. Defendants also alleged in this amended answer that after their cancellation of the order, plaintiff carried on its dealings directly with Commercial.

OPINION

Defendants first contend that the failure of plaintiff to reply to the affirmative defenses in their amended answer is an admission of the truth thereof, and on that basis judgment should have been entered for them. They refer us to *Schiff v. Schiff*, 25 Ill.App.2d 157, 165, 165 N.E.2d 713, where the court stated:

> "[W]here new matter by way of a defense is pleaded in an answer a reply is necessary, and a failure to reply operates as an admission of the truth of such new matter * * *."

In opposition thereto, plaintiff argues (1) that the amended answer should be stricken, because it was filed without leave of court; and (2) that defendants failed to raise in the trial court the question of its alleged failure to reply to the affirmative defenses, thus they are precluded from raising it for the first time on appeal.

■■ Our examination of the record on appeal fails to disclose that the defendants obtained leave to file their amended answer and the pleading could have been stricken. *Reinhardt v. Security Insurance Co.*, 287 Ill. App. 320, 4 N.E.2d 883. To ascertain this fact, we have also examined

the file in the trial court, of which record this reviewing court takes judicial notice. (Ill. Rev. Stat. 1973, ch. 51, pars. 48a and 48b). In any event, because no report of proceedings or agreed statement of facts has been provided, we are unable to ascertain whether defendants raised in the trial court the question of plaintiff's failure to reply to their affirmative defenses. Under those circumstances, the question may not be argued for the first time on appeal. *Miles Homes Inc. of Illinois v. Lyons*, 8 Ill. App.3d 179, 289 N.E.2d 469.

■■ We note also that defendants state in their brief: "Defendants' evidence before the Trial Judge showed the cancellation of the order, the direct dealings by the plaintiff with defendants' customer * * *. The evidence further showed that defendants had no further dealings with plaintiff, that it received no delivery of material from plaintiff and how much material had been delivered to Commercial Travelers Club * * *." Thus, defendants admit producing evidence at trial in support of the affirmative defenses. We are of the opinion that the alleged failure of plaintiff to reply was waived and did not constitute an admission. In *First Federal S. & L. Ass'n v. American Nat. B. & T. Co.*, 100 Ill.App.2d 460, 467-468, 241 N.E.2d 615, the court stated:

"Under these circumstances, the appellee, having failed to reply, ordinarily would be estopped to deny the truth of the allegations contained in the appellant's answer. However, where the appellant —as in the instant case—introduces evidence in support of his allegations and proceeds in litigating the case as though his adversary's responsive pleadings had been properly filed, and the issues created by his answer are fully litigated, then he waives any advantage he may have gained as a result of his adversary's failure to plead. Not having raised the point of pleading before the trial court, the appellant here is now in no position to assert that the appellee admitted his allegations."

*See also County of Winnebago v. Willsey*, 122 Ill.App.2d 149, 258 N.E.2d 138.

■■■ Defendants argue that the testimony and exhibits at trial and newly discovered evidence set forth in their post-trial motion reveal that Raymond A. Peter, President of plaintiff, testified falsely that no attempt was made by it to invoice any other company but defendant. The burden is on the party who brings a cause to a reviewing court to present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised. *Libman v. Gipson*, 93 Ill.App.2d 62, 64, 235 N.E.2d 670. Where the record does not contain a report of proceedings and where the order appealed from recites that the court is fully advised in the premises, as is the fact here, a reviewing court must

presume that the trial court acted in conformity to law and had before it sufficient facts to support its order. *Smith v. Pappas,* 112 Ill.App.2d 129, 251 N.E.2d 390.

■■ The granting or denying of a motion for new trial on the basis of newly discovered evidence is within the discretion of the trial court, and the exercise of that discretion will not be disturbed except in the case of manifest abuse. *Kaster v. Wildermuth,* 108 Ill.App.2d 288, 247 N.E.2d 431.

No report of proceedings or agreed statement of facts was filed here and we are unable to determine whether the trial court's decision was against the manifest weight of the evidence or whether there was an abuse of discretion in the denial of defendants' post-trial motion. Under these circumstances, we are required to assume that the evidence heard by the trial court was sufficient to support the judgment and the order entered. *Smith v. Pappas, supra.*

■■ A post-trial motion may not be employed as a substitute for a report of proceedings. *Boysen v. Antioch Sheet Metal, Inc.,* 16 Ill.App.3d 331, 306 N.E.2d 69; *City of Chicago v. 3 Oaks Wrecking and Lumber Co.,* 65 Ill.App.2d 328, 213 N.E.2d 48; *Hoffman v. Wilson,* 60 Ill.App.2d 396, 208 N.E.2d 607.

For the reasons stated, the judgment is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.