NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190344-U

NO. 4-19-0344

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 9, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Greene County |
| BRIAN S. ANGEL, | ) | No. 17CF107 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | David R. Cherry, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding, based on the record on appeal and the deficiencies of defendant's brief, we must presume the trial court was correct in refusing to strike the presentence investigation report in its entirety on the basis of a claimed conflict of interest; and the trial court did not abuse its discretion when sentencing defendant to seven years in the Illinois Department of Corrections.

¶ 2   In February 2018, defendant, Brian S. Angel, pleaded guilty to aggravated criminal sexual abuse, a Class 2 felony, for open sentencing. Court services was ordered to prepare a presentence investigation report (PSI) before defendant's sentencing in August 2018.

¶ 3   In August 2018, before the sentencing hearing, the trial court, pursuant to defendant's request, struck some of the language defense counsel found objectionable from the PSI. The court then heard arguments from counsel and sentenced defendant to seven years in the Illinois Department of Corrections.

¶ 4            On appeal, defendant argues the trial court erred in (1) refusing to strike the PSI in its entirety as a conflict of interest between the investigating probation officer and the prosecuting attorney resulted in allegedly biased and prejudicial information appearing in the PSI and (2) sentencing defendant to seven-years' incarceration based on the court's personal biases related to the nature of defendant's offenses and failure to properly consider mitigating factors.

¶ 5                                      I. BACKGROUND

¶ 6            In July 2017, the State filed four criminal counts against defendant. Two counts consisted of aggravated criminal sexual abuse (720 ILCS 5/11-1.60 (West 2016)), both Class 2 felonies, one count of traveling to meet a minor (720 ILCS 5/11-26 (West 2016)), a Class 3 felony, and one count of unlawful grooming (720 ILCS 5/11-25 (West 2016)), a Class 4 felony. The victim in all four counts was S.G.S., a minor who was 13 years old. Defendant considered himself a friend of the family and would make contact with the minor at her home while her mother was away.

¶ 7            In February 2018, defendant pleaded guilty for open sentencing to count I of the information. Count I provided defendant, being "over the age of 17 years, committed an act of sexual conduct with [the victim,] who [was] at least 13 years of age but under 17 years of age; in [that he] touched, with his fingers, a sex organ of [the victim] [for his] own sexual gratification." The State agreed to dismiss the remaining counts at his sentencing hearing.

¶ 8            In July 2018, defendant filed an objection to the PSI alleging the report contained irrelevant and prejudicial information, mainly defendant's alleged contact with another 13-year-old girl. Furthermore, defendant stated the probation officer who authored the report was the spouse of the prosecuting attorney and this relationship created a conflict which manifested as bias against defendant within the report. Without providing examples or evidence, defendant

stated, "[c]learly the relationship between the [p]robation [o]fficer as the wife of the [p]rosecutor shows a bias in presenting such a type of report that the [c]ourt will be relying on in determining an appropriate sentence for the [d]efendant."

¶ 9        A hearing on defendant's motion was held in July 2018. At the hearing, defendant stated he did not have any "direct evidence" of any bias based on the relationship between the prosecutor and the probation officer, but he believed there was bias because "[t]here is a husband and wife and I just find it odd." When asked by the trial court to elaborate, defendant's counsel indicated he believed an "unfair bias" existed because of the relationship alone. Defendant also objected to the probation officer's inclusion of contact defendant had with another 13-year-old girl. He claimed the alleged conduct was not criminal and, therefore, should not be considered by the trial court. The court asked defendant's counsel to identify any other areas of the PSI he thought were prejudicial. Directed to paragraphs 19 and 20, a summary statement and recommendation, counsel said, "I would like to look at the rest of the report but I am 98 percent [*sic*], Your Honor, that I would not have an objection to the report with those two clauses being taken out." When the court sought to specifically identify what part of the report's reference to the investigation of the other 13-year-old should be removed, counsel expressed he had no objection to the factual representations regarding the unrelated investigation remaining. He objected to the report writer's "conclusions [about the uncharged case] as a basis for incarceration." The court denied defendant's motion, noting counsel could maintain his objections at the sentencing hearing and the court could then strike those portions of the PSI which were found to be irrelevant to the court's decision.

¶ 10        At the sentencing hearing in August 2018, defendant renewed his objection based on the conflict of interest previously argued and asked the trial court to strike or ignore

"unsubstantiated facts" and the opinions of the report writer contained within the PSI on pages 9 and 10. The trial court agreed the information was not relevant and struck all portions of the PSI requested by counsel. The State argued for a sentence of five years' incarceration, and defendant argued for a sentence of probation. After listening to recommendations and considering defendant's criminal history and the seriousness of the offense, the court sentenced defendant to seven years in the Illinois Department of Corrections.

¶ 11        In October 2018, the trial court heard arguments on defendant's motion to reconsider sentence. Defendant again argued there was a conflict of interest due to the relationship between the prosecutor and the probation officer, which produced a biased PSI. Defendant acknowledged the court "struck certain things out of the report," but he alleged "the damage was already done by putting that prejudicial information [in the report] and the conflict would have prevented [the probation officer] from taking an unbiased approach in this matter." Defendant also contended the trial court may have been prejudiced by the information before it was removed. Additionally, defendant argued the court failed to acknowledge his acceptance of responsibility and the court's sentence of seven years was excessive. In response, the court noted, "we did strike the necessary language to show that the Court could not consider that. Your argument that I had already seen it, you can't un-ring that bell. That's a good argument. Doesn't apply here. Didn't apply. I did not consider it before." With regard to defendant's claim the court did not give sufficient weight to his acceptance of responsibility, the court described how a motion to reconsider sentence allows him to provide a defendant with a "second look at my opinion." The court indicated, "I have known [defendant] a long time and I like [defendant]," noting there were mitigating factors including that defendant "didn't want people to go through the trauma of a trial, I respect that." The seriousness of the offense involving a 37-year-old

defendant and a 13-year-old girl were mentioned as part of the court's reasons for the seven-year sentence, along with the fact "[t]hat in and of itself is an offense that is offensive in society." The court also highlighted defendant's comments to the probation officer regarding his "compulsion" and the court said, "I hope 7 years would help [defendant] get through this compulsion," later noting:

> "[M]y sentence was out of compassion not just for [defendant], but to send a message to the rest of the world we don't accept this behavior. This is an opportunity for [defendant] to obtain the assistance that he needs in a concentrated, focused situation where he doesn't have distractions. He doesn't have any other 13-year-old girls or anybody else who is going to distract him ***. He can get the help that is provided for free from DOC, psychiatrists, psychologists, doctors."

Acknowledging the intent was also to punish the defendant and protect the public, the court said, "[t]he rehabilitative function of a sentence is there for the taking if the Defendant will take it. And I hope he is rehabilitative. I hope he can do this. That's up to the doctors. That's up to [defendant]." The court then denied defendant's motion to reconsider sentence.

¶ 12        In October 2018, defendant filed his notice of appeal from the trial court's October 2018 order. In March 2019, the appellate court returned the matter to the trial court for the filing of a proper certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) before filing a notice of appeal.

¶ 13        In May 2019, the trial court held a hearing to confirm defendant's compliance with Rule 604(d). Having done so, the parties again argued their positions on defendant's motion

to reconsider sentence. Defendant's counsel maintained his previous arguments and requested the court to further recommend sex offender counseling as a part of the sentence. The court took the matter under advisement and issued its order later that month. Having considered the re-stated motion as well as the arguments of counsel, the court entered a written order denying defendant's renewed motion, reaffirming the original seven-year sentence with a recommendation to the Illinois Department of Corrections for sex offender treatment.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 A. Illinois Supreme Court Rule Violations

¶ 17 The State first notes defendant has failed to supply a proper record on appeal to support his arguments and argues we should construe any deficiencies in the record against defendant. We agree.

¶ 18 1. *Sufficiency of the Record*

¶ 19 "The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less." Ill. S. Ct. R. 321 (eff. Feb. 1, 1994). "The burden is on the party who brings a cause to a reviewing court to present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised." *Interstate Printing Co. v. Callahan*, 18 Ill. App. 3d 930, 932, 310 N.E.2d 786, 789 (1974). "Where a party desires to have a judgment reviewed it is incumbent upon him to present a record of the proceedings and judgments sufficient to show the errors of which he complains." *Higgins v. Columbia Tool Steel Co.*, 76 Ill. App. 3d 769, 776, 395 N.E.2d 149, 154 (1979). "[I]n the absence of [a sufficiently complete record] on appeal, it will be presumed that the order

entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984).

¶ 20    "(a) Any [PSI] made pursuant to this Article or Section 5-705 of the Juvenile Court Act of 1987 shall be filed of record with the court in a *sealed* envelope. (Emphasis added).

(b) Presentence reports shall be open for inspection only as follows:

* * *

(3) to an appellate court in which the conviction or sentence is subject to review." 730 ILCS 5/5-3-4(a),(b)(3) (West 2016).

Section 5-3-4 of the Unified Code of Corrections " 'requires only that the report be open for inspection, suggesting that the attorney must make a request to inspect the report.' " *People v. Weatherspoon*, 394 Ill. App. 3d. 839, 860, 915 N.E.2d 761, 780 (2009) (quoting *People v. Fort*, 248 Ill. App. 3d 301, 319, 618 N.E.2d 445, 458 (1993)).

¶ 21    In the case before us, the State alleges it could not "find the presentence investigation report in the common law record except for defendant's citation to C42." Defendant cites C42 in the common law record as the relevant PSI containing prejudicial and biased information. Defendant's brief contains an appendix which lists A-7 as the PSI report, which corresponds to C42 in the common law record. This document is a one-page document which states: "Secured by the Circuit Court: Pre-Sentence Investigation Report 6-15-2018." The defendant's brief cites this document as the centerpiece of his claim, but then omits this document as part of the brief. The burden is on the appellant to present a record which presents "all matters necessary and material for a decision of the questions raised." *Callahan*, 18 Ill. App. 3d at 932.

¶ 22    The PSI remained under seal pursuant to section 5-3-4 (730 ILCS 5/5-3-4 (West 2016)) as no motion or request was made by either party to unseal the document to inspect the report. "Upon the filing of the record on appeal, the clerk of the reviewing court shall provide notice of filing to all parties to the appeal." Ill. S. Ct. R. 327 (eff. July 1, 2017). It is then incumbent upon the appellant to present a sufficient record of proceedings to show the errors of which he complains. *Higgins*, 76 Ill. App. 3d at 776. Presumably, the lack of an attorney request to unseal the PSI is why the State alleged in its brief it did not have access to a copy. Furthermore, it can be inferred appellate counsel had defendant's PSI report in his possession as he was trial counsel for defendant and elaborated on the contents within the report as a basis of one of his claims.

¶ 23    It should be noted that defendant made a request to this reviewing court to "unseal the document for its review" in his reply brief. "The reply brief, if any, shall be confined strictly to replying to arguments presented in the brief of the appellee and need contain only Argument." Ill. S. Ct. R. 341(j) (eff. May 25, 2018). The reply brief is not the appropriate mechanism in which to make a motion to unseal a document. Defendant's reply brief states, "Defendant cannot control the manner in which the clerk has presented the record." This statement is incorrect. If defendant would have filed a timely motion to unseal the document, he would have ensured the State received a copy of the PSI.

¶ 24                        2. *Defendant's Briefs*

¶ 25    In addition to the inconsistencies with the substance of the record, defendant's brief also fails to comply with supreme court rules.

¶ 26    Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) sets forth the rules governing the contents and requirements for an appellant's brief. "The rules of procedure

concerning appellate briefs are rules and not mere suggestions. [Citation.] It is within this court's discretion to strike the plaintiffs' brief and dismiss the appeal for failure to comply with Rule 341." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737, 714 N.E.2d 1082, 1084 (1999).

¶ 27         Illinois Supreme Court Rule 341(h)(2) (eff. May 25, 2018) states an appellant's brief must contain an "introductory paragraph consist[ing] of a statement of the nature of the action, the judgment appealed from, whether the judgment is based upon a jury's verdict, and whether any question is raised on the pleadings." *Artisan Design Build, Inc. v. Bilstrom*, 397 Ill. App. 3d 317, 321, 922 N.E.2d 361, 364 (2009). "Argument is not to be included in the introductory paragraph." *Artisan Design Build, Inc.*, 397 Ill. App. 3d at 321.

¶ 28         Instead of limiting his brief to an introductory paragraph, defendant sets forth approximately 12 paragraphs interspersing facts from the record with conclusory and argumentative statements. Appellant's introductory paragraph is rife with unsubstantiated arguments in violation of Rule 341(h)(2).

¶ 29         An appellant's brief must also contain a statement of facts describing "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal in the format as set forth in the Standards and Requirements for Electronic Filing the Record on Appeal." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). A statement of facts section that contains improper argument, mischaracterizes the evidence or fails to provide accurate citation to the record violates Rule 341(h)(6). See *Lamb-Rosenfeldt v. Burke Medical Group., Ltd.*, 2012 IL App (1st) 101558, ¶ 21, 967 N.E.2d 411; *Wald v. Chicago Shippers Ass'n*, 175 Ill. App. 3d 607, 615, 529 N.E.2d 1138, 1144 (1988). "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues

involved." *Venturella v. Dreyfuss*, 2017 IL App (1st) 160565, ¶ 22, 84 N.E.3d 386. "This court may strike a statement of facts when the improprieties hinder our review." *Venturella*, 2017 IL App (1st) 160565, ¶ 21. Where the review is so hindered, the court may choose to disregard a statement of facts "that [does] not comply with the supreme court rules." *Venturella*, 2017 IL App (1st) 160565, ¶ 22.

¶ 30    Instead of describing "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," as required by Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018), defendant's statement of facts contain improper argument that does not belong in the statement of facts section. Therefore, this section of defendant's brief is in violation of Rule 341(h)(6).

¶ 31    Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), requires that an argument "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "Mere contentions, without argument or citation to authority, do not merit consideration on appeal." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12, 969 N.E.2d 930. "[I]t is not our duty to search the record for material upon which to base a reversal *** [citation]." *Farwell Construction Co. v. Ticktin*, 84 Ill. App. 3d 791, 802, 405 N.E.2d 1051, 1060 (1980). " 'The failure to provide proper citations to the record is a violation of Rule 341(h)(7), the consequence of which is the forfeiture of the argument. [Citation.]' "*Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 43, 123 N.E.3d 1271.

¶ 32    Furthermore, although defendant adamantly insists the spousal relationship between the prosecutor and probation officer automatically created a *per se* conflict, he provides no evidence and cites to no legal authority in support of this claim. Rule 341 requires defendant

to cite the authority for his arguments and his failure to do so also violates Rule 341. Defendant has cited no relevant legal authority to support his conclusory statements. The lack of legal authority to support his argument, his inability to provide a sufficient record for review, and the nature and number of supreme court rule violations committed in defendant's appeal, leave us unable to reach the merits of his claim.

¶ 33      "[I]t is not our duty to search the record for material upon which to base a reversal [citation] ***." *Ticktin*, 84 Ill. App. 3d at 802. Moreover, the appellate court is "not simply a depository in which the appealing party may dump the burden of argument and research." *Pecora v. Szabo*, 109 Ill. App. 3d 824, 826, 441 N.E.2d 360, 361 (1982). Accordingly, defendant's arguments relating to alleged prejudicial comments within the PSI caused by an alleged conflict of interest by the probation officer are hereby forfeited and will not be considered by this court. Therefore, due to defendant's failure to properly cite legal authority to support this claim, his argument regarding an alleged *per se* conflict between the prosecutor and probation officer does not merit consideration on appeal and we must presume the trial court's ruling was correct. *Foutch*, 99 Ill. 2d at 392. Parenthetically, counsel made no greater effort to establish a conflict before the trial court, stating instead he believed the conflict or bias was created by the relationship between the probation officer and prosecutor as husband and wife.

¶ 34                    B. Abuse of Discretion at Sentencing

¶ 35      Defendant also argues the trial court erred in imposing a sentence of seven years because the court was biased by the nature of the offense, considered improper sentencing factors, and failed to consider any evidence in mitigation. In spite of the various deficiencies in the record and appellant's brief, this issue can be addressed based upon the information provided

and we elect to do so. *State Farm Mutual Automobile Insurance Co. v. Burke*, 2016 IL App (2d) 150462, ¶ 22, 51 N.E.3d 1082.

¶ 36         A trial court has broad discretion in imposing a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448, 841 N.E.2d 889, 912 (2005). When a sentence falls within the statutory range of sentences possible for a particular offense, it is presumed reasonable. *People v. Moore*, 41 Ill. App. 3d 3, 4, 353 N.E.2d 191, 192 (1976). " 'In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed.' " *People v. Hestand*, 362 Ill. App. 3d 272, 281, 838 N.E.2d 318, 326 (2005) (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001)). "Because the trial court is in a better position to observe the witnesses and consider the relevant factors, its sentencing determination is entitled to great deference." *People v. Kenton*, 377 Ill. App. 3d 239, 245, 879 N.E.2d 402, 407 (2007). " 'Absent an abuse of discretion by the trial court, a sentence may not be altered upon review.' " *People v. Hensley*, 354 Ill. App. 3d 224, 234, 819 N.E.2d 1274, 1284 (2004) (quoting *People v. Kennedy*, 336 Ill. App. 3d 425, 433, 782 N.E.2d 864, 871 (2002)). An abuse of discretion will be found "where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010) (quoting *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000)). Also, an abuse of discretion will not be found unless the court's sentencing decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26, 82 N.E.3d 693. "A defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." *People*

*v. Pippen*, 324 Ill. App. 3d 649, 652, 756 N.E.2d 474, 477 (2001). When mitigating factors are presented to a court, the reviewing court should presume that the circuit court considered them. *Pippen*, 324 Ill. App. 3d at 652.

¶ 37    In this case, defendant pleaded guilty to aggravated criminal sexual abuse, a Class 2 felony. 720 ILCS 5/11-1.60(d) (West 2016). A defendant convicted of a Class 2 felony is subject to a sentencing range of three to seven years in the Illinois Department of Corrections. 730 ILCS 5/5-4.5-35(a) (West 2016). As the trial court's seven-year sentence fell within the relevant sentencing range, we will not disturb the sentence absent an abuse of discretion.

¶ 38    The record before us reveals the trial court considered all appropriate evidence in aggravation and mitigation before imposing a seven-year sentence. Before imposing sentence, the court heard evidence of aggravation consisting of defendant's own admission regarding the effect his conduct had on the victim, his position of trust over the victim, and defendant's prior criminal history, which consisted of several felony convictions. Defendant's own written statement also indicated he knew his actions were wrong, but he chose to engage in criminal conduct anyway. Additionally, the court heard evidence in mitigation, including defendant's acceptance of responsibility for his actions by pleading guilty. Further, defendant acknowledged his plea also precluded the need for the victim and her family to go through the process of a trial. At the hearing on the motion to reconsider sentence, the court repeated its consideration of those factors as relevant to its decision.

¶ 39    In considering the evidence, the trial court noted defendant had a lifelong criminal history and his written statement indicated a compulsion to commit the offense. As the court noted, "he really questioned his behavior at that time and went ahead and did it. That indicates a compulsion, not just a desire to break the rules[,] but a compulsion." Furthermore, the court

commented its job was to protect the public and "send a message to other people who suffer from compulsions like [defendant]," which otherwise would not occur with a community-based sentence that would "deprecate the seriousness of the offense."

¶ 40    Defendant claims statements by the trial court calling the offense "heinous" and "offensive to society" show the trial court had an inherent bias against the nature of the offense. However, trial courts are permitted to consider " 'the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant.' " *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 67, 129 N.E.3d 755. Furthermore, the seriousness of the crime is the most important factor for the court to consider. *People v. Busse*, 2016 IL App (1st) 142941, ¶ 28, 69 N.E.3d 425.

¶ 41    The offense committed by defendant consisted of sexual conduct with a 13-year-old girl, over whom he held a position of trust. While the trial court certainly considered the seriousness of the offense important, the record also reflects it considered all the relevant factors in aggravation and mitigation as well before imposing a sentence within the statutory guidelines. The court further explained the length of the sentence in relation to the nature and extent of rehabilitation which it thought might be required in an attempt to treat defendant's admitted compulsion to commit the offense. The fact defendant does not like the outcome does not warrant a new sentencing hearing or a reduction in sentence. His sentence was within the statutory range of sentences possible and there is nothing in the record to support the assertion the court's decision was fanciful, arbitrary, unreasonable, or manifestly disproportionate to the nature of the offense. *Etherton*, 2017 IL App (5th) 140427, ¶ 26.

¶ 42    We note that in response to defense counsel's allegation that the trial court was "tainted" by the alleged bias of the prosecutor and the probation officer during the motion to

reconsider sentence, the trial court used the same word, "tainted", in response. Albeit a poor word choice, the trial court used the same language and stated, "what has tainted the [c]ourt's judgement is the 37 year old man [*sic*] with a 13 year old girl." A review of the complete record reveals the court considered factors in mitigation, aggravation, rehabilitative potential, the nature and circumstances of the offense, and how a community-based sentence would deprecate the seriousness of the offense. The court's consideration of all these factors at sentencing make us unable to conclude the trial court abused its discretion.

¶ 43 Accordingly, we find the seven-year sentence imposed on defendant by the trial court was not " 'greatly at variance with the spirit and purpose of the law,' " nor was it " 'manifestly disproportionate to the nature of the offense.' " *Alexander*, 239 Ill. 2d at 212, (quoting *Stacey*, 193 Ill. 2d at 210). Thus, the court did not abuse its discretion in sentencing defendant to seven years in the Illinois Department of Corrections.

¶ 44                                        III. CONCLUSION

¶ 45 For the reasons stated, we affirm the trial court's judgment.

¶ 46 Affirmed.