4-00-0840

NO. 4-00-0840

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

          v.

WILLIAM DEAN PIPPEN,

          Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of 

Woodford County

Nos. 99CF116

     99CF117

     99CF118

     

Honorable

John B. Huschen,

Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

In October 1999, defendant, William Dean Pippen, pleaded guilty to six counts of predatory criminal sexual assault of a child in an "open plea" and the State dismissed another count (720 ILCS 5/12-14.1(a)(1) (West 1998)).  In November 1999, the trial court sentenced defendant to three consecutive 12-year sentences in No. 99-CF-116, to be served concurrently with a 6-year prison sentence in No. 99-CF-117, and concurrently with two 10-year consecutive prison sentences in No. 99-CF-118.  Defendant appeals, arguing that the trial court abused its discretion in sentencing defendant in light of the consecutive nature of the offenses and the mitigating factors present.  The State contends that the trial court entered a void sentence, because it was required to enter consecutive sentences on all counts.  We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND 

The factual basis for defendant's guilty plea is as follows.  Defendant confessed to investigators, in Woodford County case No. 99-CF-116, that on approximately June 1, 1999, he placed his penis in the mouth of H.H., he touched H.H.'s vagina with his hand, and he touched H.H.'s vagina with his tongue.  Defendant admitted to investigators, in Woodford County case No. 99-CF-117, that between September and October 1998, he touched H.H.'s vagina with his hand.  Defendant admitted to investigators, in Woodford County case No. 99-CF-118, that in November 1998, defendant placed his penis in H.H.'s mouth and rubbed H.H.'s vagina with his hand.  H.H. was 11 years old at the time of the three incidents and is defendant's stepdaughter; defendant was 39 years old.

In July 1999, the State charged defendant with four counts of predatory criminal sexual assault of a child in No. 99-CF-116, one count of predatory criminal sexual assault of a child in No. 99-CF-117, and two counts of predatory criminal sexual assault of a child in No. 99-CF-118.  In October 1999, the State dismissed one count in No. 99-CF-116, and defendant pleaded guilty to the remaining six counts of predatory criminal sexual assault of a child.  

In November 1999, the State filed a presentence investigation report with the trial court.  It revealed that defendant was employed as a well-driller's assistant and had briefly served in the United States Army.  In 1998, he married Glenda Pippen, H.H.'s mother.  Defendant had 1979 convictions for burglary and theft and 1985 convictions for possession of a hypodermic syringe and possession of cannabis.  Defendant also had a number of convictions for traffic violations.

In November 1999, the trial court conducted a sentencing hearing.  Glenda testified for the State that H.H. was her daughter, she was married to defendant, and they had all resided together since February 1998.  She stated H.H. was currently doing well in pastoral counseling.  She further testified that she still loves defendant, wants to be with him, and wants all of them to be a family again.  Defendant testified of his regret over what happened and the hardship that would be placed on his family if the trial court sentenced him to prison.  

In closing arguments, the prosecutor stressed the aggravating factors including the serious harm to H.H., defendant's prior criminal history, deterrence, and the position of trust defendant held over H.H.  He recommended consecutive sentences of seven years on each of the six counts.  Counsel for defendant stressed the nonviolent nature of defendant's prior criminal history, the fact that defendant pleaded guilty, and his remorse.  
The trial court sentenced defendant as stated.

In December 1999, defendant filed a timely motion to reconsider sentence in each case, which the trial court denied.  

This appeal followed.

II. ANALYSIS

Defendant contends that the trial court abused its discretion in sentencing him to three consecutive
 12-year terms in No. 99-CF-116 in light of the consecutive nature of the offenses and the factors in mitigation.  The trial court has broad discretion in sentencing (
People v. Perruquet
, 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883 (1977)), and a sentence within the statutory limits will not be disturbed absent an abuse of discretion (
People v. Coleman
, 166 Ill. 2d 247, 258, 652 N.E.2d 322, 327 (1995)).  A court has abused its discretion when the record shows the sentence is excessive and not justified under any reasonable view of the record.  
People v. Smith
, 214 Ill. App. 3d 327, 338, 574 N.E.2d 784, 791-92 (1991).

A defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense.  
Coleman
, 166 Ill. 2d at 261, 652 N.E.2d at 329.  When mitigating factors are presented to the trial court, there is a presumption it considered them.  
People v. Payne
, 294 Ill. App. 3d 254, 260, 689 N.E.2d 631, 635 (1998).  The existence of mitigating factors does not require the trial court to reduce a sentence from the maximum allowed.  
Payne
, 294 Ill. App. 3d at 260, 689 N.E.2d at 635.

Defendant contends that the trial court did not afford a number of the factors in mitigation enough weight.  This court notes that defendant's motion to reconsider sentence mentions only the nature of his prior convictions and his plea of guilty.  Any issue not raised in the motion to reconsider sentence is forfeited on appeal.  145 Ill. 2d R. 604(d); 
People v. Feltes
, 258 Ill. App. 3d 314, 317, 629 N.E.2d 1172, 1175 (1994).  However, even if we were to consider defendant's other arguments, they would still fail.

A. Age

Defendant contends that the trial court did not consider his age sufficiently as a factor in mitigation.  Defendant was 39 years old when he committed the offenses.  Defendant fails to cite, nor is this court aware of, any authority that would weigh such a factor in defendant's favor.  Defendant points out that an abuse of discretion may be found even if the sentence is within the statutory range, particularly where the defendant is young and has rehabilitative potential.  
People v. Margentina
, 261 Ill. App. 3d 247, 249, 634 N.E.2d 29, 31 (1994).  However, as the State points out, defendant is not an errant youth, but a 39-year-old stepfather who had the responsibility and duty to help care for a young girl.  Instead, he took advantage of his father-figure role to commit criminal conduct against her.  The trial court properly considered defendant's age.

B. Criminal Background 

Defendant also contends that the trial court did not properly consider defendant's criminal history in his favor.  In 1979, a trial court convicted defendant of felony theft and burglary.  In 1985, a trial court convicted defendant of drug possession.  Defendant also received a number of traffic violations since 1985, and in 1997 a trial court convicted defendant of driving under the influence.  The State contends that although the prior offenses were not recent, the trial court properly considered them.  Defendant's criminal record does not evidence a lack of criminal history.  It should not serve to mitigate defendant's current convictions.  Defendant presented all this information to the trial court and we presume that it considered this information.  
Payne
, 294 Ill. App. 3d at 260, 689 N.E.2d at 635.  The existence of mitigating factors does not obligate the trial court to reduce a sentence from the maximum allowed.  
Payne
, 294 Ill. App. 3d at 260, 689 N.E.2d at 635.

C. Plea of Guilty and Remorse

Defendant argues that his plea of guilty and remorse over the incidents should have been given greater consideration by the trial court as factors in mitigation "in that it demonstrates his acceptance of the responsibility for his actions."  Admission of fault has been recognized as a first step toward rehabilitation and should be treated as a factor in mitigation.  See 
People v. Bergman
, 121 Ill. App. 3d 100, 105-06, 458 N.E.2d 1370, 1375 (1984).  The State contends that although factors in mitigation may be present, they do not require a trial court to impose the minimum sentence possible.  We agree with defendant that remorse and guilty pleas can be factors in mitigation.  However, again, the existence of mitigating factors does not obligate the trial court to reduce a sentence from the maximum allowed.  
Payne
, 294 Ill. App. 3d at 260, 689 N.E.2d at 635.  The trial court specifically stated it considered defendant's cooperation in determining the sentences.  A reviewing court does not reweigh the factors involved in a trial court's sentencing decision.  
Coleman
, 166 Ill. 2d at 262, 652 N.E.2d at 329.

D. Family Support

Defendant also contends that the trial court did not give proper weight to the testimony and evidence that showed defendant's wife and other family members wished for the court to use leniency in sentencing defendant.  H.H.'s mother wished for them to be a family again.  H.H.'s maternal grandmother, Daisy Carmen, stated in a letter that both H.H. and defendant were victims and that H.H. wished to forgive defendant.  Again, as the State points out, the trial court noted the support that various family members had for defendant.  The trial court properly weighed the factors in mitigation and aggravation in this case.

E. Consecutive Sentencing

Last, the State contends that the trial court entered a void sentence.  A sentence that does not conform to a statutory requirement is void and may be corrected at any time.  
People v. Arna
, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995).  The State argues that the sentences entered by the trial court were all required to run consecutively whether or not they were part of a single course of conduct.  Section 5-8-4(a) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/1-1-1 through 8-6-1 (West 1998)) provides as follows:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of [s]ection 12-13, 12-14, or 12-14.1 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively.  Sentences shall run concurrently unless otherwise specified by the court."  730 ILCS 5/5-8-4(a) (West 1998).

The trial court imposed consecutive sentences for defendant for those offenses that were committed in a single course of conduct as required.  However, the State argues the statute also requires consecutive sentences for predatory criminal sexual assault of a child 
(720 ILCS 5/12-14.1 (West 1998)
) when they are not part of a single course of conduct.  Section 5-8-4(b) further provides:

"(b) The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record; except that no such finding or opinion is required when multiple sentences of imprisonment are imposed on a defendant for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, and one of the offenses for which the defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or when the defendant was convicted of a violation of [s]ection 12-13, 12-14, or 12-14.1 of the Criminal Code of 1961, in which event the Court shall enter sentences to run consecutively."  730 ILCS 5/5-8-4(b) (West 1998).

The State contends this requires consecutive sentences even if defendant's conduct was not part of a single course of conduct.  The State points to 
People v. Bole
, 155 Ill. 2d 188, 613 N.E.2d 740 (1993), for support that consecutive sentences are required.  In 
Bole
, 155 Ill. 2d at 198, 613 N.E.2d at 745, the supreme court held that section 5-8-4(a) of the Unified Code (Ill. Rev. Stat. 1989, ch. 38. par. 1005-8-4(a)) "plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct."  The supreme court explained as follows:

"Effective July 1, 1988, the provision assumed its current form.  An amendment that took effect on that date added the language regarding violations of sections 12-13 and 12-14 of the Criminal Code.  In addition, the phrase 'in which event the court 
may
 enter sentences to run consecutively' (emphasis added) was changed to read, 'in which event the court 
shall
 enter sentences to run consecutively' (emphasis added).  The legislature thus made consecutive sentences mandatory, and not merely discretionary, in the circumstances in which the provision applies."  
Bole
, 155 Ill. 2d at 196, 613 N.E.2d at 744. 

The court then explained its reasoning further as follows:

"We have determined that the statute plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct, and we find no warrant here for disregarding this clear expression of legislative intent.  If the legislature had meant to make this provision generally applicable, we have no doubt that the legislature would have placed the provision in a different part of section 5-8-4.  ***  Although this might simply have been an oversight by the legislature, it is not one that we are able to correct under the guise of statutory interpretation."  
Bole
, 155 Ill. 2d at 198-99, 613 N.E.2d at 745. 

Thus, the supreme court determined that it could not read further into the statute to find consecutive sentences applicable except as provided for in section 5-8-4(a).  It left it to the legislature to provide otherwise.

The statute has since been amended to require consecutive sentences regardless of whether the offenses were committed in a single course of conduct.  730 ILCS 5/5-8-4(b) (West 1998);  see 
People v. Brials
, 315 Ill. App. 3d 162, 170, 732 N.E.2d 1109, 1116 (2000).  The effective date of the amendment was July 22, 1997, before the offenses in this case were committed and thus it is applicable to defendant's crimes.  

As previously noted, in 
Bole
, 155 Ill. 2d at 196, 613 N.E.2d at 744, the supreme court construed the phrase "'in which event the court 
shall
 enter sentences to run consecutively' [(emphasis in original)]" in section 5-8-4(a) of the Unified Code  (730 ILCS 5/5-8-4(a) (West 1998)) to mandate consecutive sentences.  "Under basic rules of statutory construction, where the same words appear in different parts of the same statute, they should be given the same meaning unless something in the context indicates that the legislature intended otherwise."  
McMahan v. Industrial Comm'n
, 183 Ill. 2d 499, 513, 702 N.E.2d 545, 552 (1998).  Both sections 5-8-4(a) and 5-8-4(b) of the Unified Code now contain the phrase "in which event the court shall enter sentences to run consecutively."  730 ILCS 5/5-8-4(a), (b) (West 1998).  Thus, defendant's sentences were required to be consecutive regardless whether they were committed as a single course of conduct.

III. CONCLUSION

For the reasons stated, we affirm defendant's conviction but vacate defendant's sentences and remand for resentencing.  

Affirmed in part and vacated in part; cause remanded with directions.

STEIGMANN, P.J., and McCULLOUGH, J., concur.