NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190183-U

NO. 4-19-0183

IN THE APPELLATE COURT

FILED
February 18, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| DAVID JOHNSON, | ) | No. 18CF113 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court did not abuse its discretion
when sentencing defendant to concurrent four-year prison sentences where the
sentences were (1) within the permissible sentencing ranges and (2) not greatly at
variance with the purpose of the law nor disproportionate to the nature of the
offenses.

¶ 2    In November 2018, defendant, David Johnson, pleaded guilty to aggravated

domestic battery, a Class 2 felony (720 ILCS 5/12-3.3(a-5) (West 2016)), and possession of a

stolen motor vehicle, also a Class 2 felony (625 ILCS 5/4-103(a)(1) (West 2016)). In February

2019, the trial court sentenced defendant to concurrent four-year prison terms in the Illinois

Department of Corrections.

¶ 3        Defendant appeals, arguing his sentence of concurrent four-year prison terms was excessive. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5                        A. The State's Charges and Defendant's Guilty Plea

¶ 6        In April 2018, the State charged defendant by information with aggravated domestic battery (count I) (720 ILCS 5/12-3.3(a-5) (West 2016)), robbery (count II) (720 ILCS 5/18-1(a) (West 2016)), possession of a stolen motor vehicle (count III) (625 ILCS 5/4-103(a)(1) (West 2016)), and domestic battery (count IV) (720 ILCS 5/12-3.2(a)(1) (West 2016)).

¶ 7        In November 2018, defendant entered an open guilty plea to counts I and III in exchange for the State's dismissal of counts II and IV. At the guilty plea hearing, the State provided the following factual basis for defendant's plea:

> "If this matter were to proceed to trial, the State would present evidence that on April 2nd, 2018, Sergeant Glenn Peters with the Dwight Police Department was dispatched to 508 South Union, Apartment Number A6, in reference to a domestic battery and stolen vehicle.
>
> Upon entering the residence, Sergeant Peters would testify that he observed blood on the wall in the entranceway. He also observed Amy Qualkenbush sitting on the couch with a rag over her right eye. He observed that her right eye was swollen and discolored, and she also had reddening on her neck and chest area as well as a swollen right forearm.
>
> Amy Qualkenbush would testify that she met [defendant] and had been dating him. He had been residing with her since approximately February 20th of 2018. She would testify that on April 2nd, 2018, [defendant] asked her for a ride

to Nashville which she refused to give him. He then became angry and grabbed her by the throat with both hands. She would testify that she began to see black spots and had trouble breathing.

She would further testify that she was able to break free from [defendant] and he then backhanded her across the right side of her face breaking her glasses. She would testify that [defendant] continued the attack by pushing her down the hallway in her apartment and then threw her to the ground outside her apartment building.

She would also testify that he took her car keys from her. She would testify that [defendant] then left in her 2015 silver Chevrolet Cruze northbound on Route 47 and that he took that vehicle without her permission."

¶ 8                                     B. Sentencing Hearing

¶ 9         On February 1, 2019, the matter proceeded to sentencing. The State recommended a sentence of five years' imprisonment, "due to the fact that *** probation would deprecate the serious nature of the offense in this case; and *** Defendant does pose a very real risk to society if he were to be released." The State argued defendant "lied about the incident, tried to claim that he's never put his hands on anyone, *** and tried to paint this as an accident." Defense counsel recommended a sentence of 24 months' probation or conditional discharge, emphasizing defendant's lack "of violence in his criminal history" and military service.

¶ 10         Before pronouncing its sentence, the trial court stated it had reviewed the presentence investigation report, "considered all of the relevant factors" in aggravation and mitigation, and noted it was required "to always consider probation as the preferred disposition unless the Court finds it would deprecate the serious nature of the charges and be inconsistent

with the ends of justice or *** Defendant's incarceration is necessary for the protection of the public." While the court stated it did not "think there [were] any mitigating factors present," it subsequently recognized defense counsel had argued "some things in mitigation" and acknowledged defendant's military service and the sincerity of his statement in allocution. In aggravation, the court emphasized the seriousness of the offense, stating it considered deterrence to be "a very strong factor in this case."

¶ 11        The trial court also commented on the nature and circumstances surrounding the offenses, stating, "The injuries that were sustained by the victim in this case were very real injuries, very severe injuries." The court noted defendant "did some pretty strong damage to her" and further stated:

> "I cannot figure out what caused this to happen. I don't have that explanation; and based on the victim's face, she doesn't have an explanation either. So it makes absolutely no sense. But that makes it scarier because I have a person that by all accounts seems to be a normal person; and you meet him, you hook up together, and you spend time together, and then something like this happens. And I don't think you can argue this is—You know, you admitted to strangling her so it wasn't an accidental door opened and hit her. You admitted to strangling her."

Citing the seriousness of the offenses and the need for deterrence, the court determined "that a sentence of probation would deprecate the serious nature of the charges and be inconsistent with the ends of justice." The court then sentenced defendant to four years' imprisonment for each count, to be served concurrently.

¶ 12        On February 26, 2019, defendant filed a motion to reconsider the sentence, arguing his sentence was excessive "in consideration of all factors before the Court" and

disproportionate to the nature of the offense. At a hearing in March 2019, the court denied

defendant's motion to reconsider. In doing so, the court again clarified the factors in aggravation

"greatly outweigh[ed] the mitigating factors" and "that a term of probation would have

deprecated the very serious nature of the charges and been inconsistent with the ends of justice

and/or was necessary for the protection of the public."

¶ 13         This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15         On appeal, defendant argues his sentence of concurrent four-year prison terms

was excessive. Specifically, defendant asserts the trial court failed to properly consider evidence

in mitigation. We disagree.

¶ 16         "The Illinois Constitution provides penalties are to be determined both according

to the seriousness of the offense and with the objective of restoring the offender to useful

citizenship." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, 21 N.E.3d 810 (citing Ill. Const.

1970, art. I, § 11). "This constitutional mandate calls for balancing the retributive and

rehabilitative purposes of punishment, and the process requires careful consideration of all

factors in aggravation and mitigation." *Id.*

¶ 17         "The trial court has broad discretionary powers in imposing a sentence, and its

sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212,

940 N.E.2d 1062, 1066 (2010). "The *** court must base its sentencing determination on the

particular circumstances of each case, considering such factors as the defendant's credibility,

demeanor, general moral character, mentality, social environment, habits, and age." *People v.*

*Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "It is also required to consider statutory

factors in mitigation and aggravation; however, 'the court need not recite and assign a value to

each factor it has considered.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19, 143 N.E.3d 794 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494). "[I]f mitigating evidence is presented at the sentencing hearing, this court presumes that the trial court took that evidence into consideration, absent some contrary evidence." *People v. Shaw*, 351 Ill. App. 3d 1087, 1093, 815 N.E.2d 469, 474 (2004).

¶ 18        "On review, the sentence imposed by the trial court will not be reversed absent an abuse of discretion." *Pina*, 2019 IL App (4th) 170614, ¶ 20. "A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *Fern*, 189 Ill. 2d at 54).

¶ 19        In this case, defendant pleaded guilty to aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)), each a Class 2 felony. A defendant convicted of a Class 2 felony is subject to a sentencing range of three to seven years in the penitentiary. 730 ILCS 5/5-4.5-35(a) (West 2016). Because the trial court's four-year sentence fell within the permissible sentencing range, it is presumed to be proper, and we will not disturb the sentence absent an abuse of discretion. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46, 19 N.E.3d 1070.

¶ 20        Defendant argues his sentence was excessive because the trial court did not properly weigh certain factors in mitigation, such as his "military service, long employment history, and lack of violent criminal history." "A defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." *People v. Pippen*, 324 Ill. App. 3d 649, 652, 756 N.E.2d 474, 477 (2001). "The seriousness of the offense is the most important sentencing factor." *People v. Watt*, 2013 IL App (2d) 120183, ¶ 50,

1 N.E.3d 1145. "The weight to be accorded each factor in aggravation and mitigation in setting a sentence of imprisonment depends on the circumstances of each case." *People v. Hernandez*, 204 Ill. App. 3d 732, 740, 562 N.E.2d 219, 225 (1990). "The defendant bears the burden to affirmatively establish that the sentence was based on improper considerations, and we will not reverse a sentence *** unless it is clearly evident the sentence was improper." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 29, 82 N.E.3d 693. "The balance to be struck amongst the aggravating and mitigating factors is a matter of judicial discretion that should not be disturbed absent an abuse of discretion." *People v. Crenshaw*, 2011 IL App (4th) 090908, ¶ 24, 959 N.E.2d 703. "In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *Fern*, 189 Ill. 2d at 53.

¶ 21        Here, defendant fails to establish that his sentence of concurrent prison terms of four years, one year above the minimum, was excessive. The trial court began its comments at the sentencing hearing by indicating it was required "to always consider probation as the preferred disposition unless the Court finds it would deprecate the serious nature of the charges and be inconsistent with the ends of justice or *** Defendant's incarceration is necessary for the protection of the public." The court stated it "considered all of the relevant factors" and made specific reference to the statutory factors in aggravation and mitigation it considered most important, such as defendant's criminal history, military service, and demeanor, and the court described how they impacted its decision on the specific sentence imposed. The court also found deterrence to be "a very strong factor in this case." While commenting on the circumstances and seriousness of the offenses, the court pointed out the severity of the victim's injuries and that defendant "did some pretty strong damage to her." The court further noted that defendant's

actions included strangling the victim, leading it to determine "that a sentence of probation would deprecate the serious nature of the charges and be inconsistent with the ends of justice."

¶ 22     While the trial court recognized the existence of mitigating evidence, it found no *statutory* mitigating factors applied in defendant's case. Section 5-5-3.1 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3.1 (West 2016)) lists 16 mitigating grounds and provides those "grounds shall be accorded weight in favor of withholding or minimizing a sentence of imprisonment." In his brief, defendant cites *People v. Markiewicz*, 246 Ill. App. 3d 31, 56, 615 N.E.2d 869, 886 (1993), where the reviewing court found the sentencing judge abused its discretion by failing to consider mitigating evidence in sentencing. There, on more than one occasion, the sentencing judge indicated it would not consider the defendant's mitigating evidence because it did not fit into any of the categories enumerated in section 5-5-3.1 of the Unified Code. *Id.* at 55. The appellate court determined this was error. *Id.* Here, the record demonstrates the court *did* consider the mitigating evidence. However, it found the mitigating evidence did not rise to the level of a statutory mitigating ground and further noted the aggravating factors outweighed the mitigating evidence. Thus, the court did not disregard the mitigating evidence as in *Markiewicz*.

¶ 23     Given the serious nature of the offenses and the circumstances involved, we cannot conclude the trial court's sentence of concurrent prison terms of four years for aggravated domestic battery and possession of a stolen motor vehicle was " 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense[s].' " *Pina*, 2019 IL App (4th) 170614, ¶ 20 (quoting *Fern*, 189 Ill. 2d at 54). Accordingly, we find defendant's sentence was not excessive and the court did not abuse its discretion.

¶ 24                                III. CONCLUSION

¶ 25        For the reasons stated, we affirm the trial court's judgment.

¶ 26        Affirmed.