**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200092-U

Order filed October 14, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | Appeal No. 3-20-0092 Circuit No. 18-CF-177 |
| | ) | |
| MATTHEW T. CUMMINGS, | ) ) | Honorable William E. Poncin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice O'Brien and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*: The trial court did not err in considering the aggravating and mitigating factors when it imposed defendant's sentence.

¶ 2        Defendant, Matthew T. Cummings, appeals his conviction and sentence. He contends that the trial court imposed an excessive sentence when it failed to consider mitigating evidence at sentencing. We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4          On August 2, 2019, the State charged defendant by amended information with aggravated driving while under the influence (DUI). 625 ILCS 5/11-501(a)(6), (d)(1)(C) (West 2018). The information alleged that defendant operated a motor vehicle while there were controlled substances in his system (morphine, codeine, fentanyl, and heroin), and that he caused great bodily harm or permanent disability to the victim, Troy Shirrell.

¶ 5          The cause proceeded to a stipulated bench trial. The parties stipulated that the State would present the following evidence. On August 10, 2010, a concerned citizen approached Macomb police officer Zach Hill and Officer Troy Shoudel informing them of a traffic accident. Upon arrival, the officers found a motorcycle lodged underneath a Jeep Wrangler. The officers identified defendant as the driver of the Jeep and the victim as the driver of the motorcycle. The officers found the victim laying in the street. Shirrell's left leg appeared broken at the ankle. The leg appeared to be attached by only a small flap of flesh between the foot and the leg. Shirrell was transported to the hospital. He underwent several surgeries, but doctors amputated his left leg below the knee due to the nature and extent of the injury.

¶ 6          Based on the crash scene investigation and witnesses accounts, officers determined that at the time of the accident, defendant drove his vehicle west on East Jackson Street and the victim drove his motorcycle east on East Jackson Street. Defendant turned left onto Candy Lane without yielding, striking the victim's motorcycle in the intersection. Defendant's failure to yield proximately caused the accident and the victim's injury.

¶ 7          Officer Hill read defendant the traffic crash "Warning to Motorists" at the scene of the accident. Defendant refused to provide blood and urine samples. Officers obtained a search warrant for samples of defendant's blood and urine. An analysis of defendant's urine sample revealed the

presence of morphine, codeine, fentanyl, and heroin in defendant's system. It was not lawful for the defendant to use the controlled substances found in his urine at the time of the accident.

¶ 8    At the conclusion of the stipulated bench trial, the trial court found defendant guilty of aggravated DUI.

¶ 9    The presentence investigation report (PSI) detailed defendant's criminal history that included the following convictions: (1) DUI in 2006, (2) reckless driving in 2007, (3) disorderly conduct in 2008, (4) forgery in 2009, (5) two separate convictions for unlawful delivery of a controlled substance (heroin) in 2010, (6) retail theft in 2010, (7) attempted armed robbery (knife) in 2011, (8) unlawful possession of a controlled substance in 2011, and (9) retail theft and unlawful possession of drug paraphernalia in 2014. Defendant also received 11 traffic citations. The PSI detailed defendant's history of drug abuse and numerous unsuccessful attempts to complete drug abuse programs. Defendant denied being on drugs at the time of the accident in this case, but he did admit to using heroin the night before the accident.

¶ 10    At the sentencing hearing, the State called Officer Shoudel to testify. In relevant part, Shoudel testified that based on his experience, defendant may have been under the influence of some kind of substance at the time of the accident. Defendant answered simple questions slowly and continually shuffled his weight from one foot to the other. Shoudel, however, agreed that defendant may have been shaken in light of the severity of the accident.

¶ 11    Witnesses informed Shoudel that they observed defendant using a cell phone prior to the accident. Defendant initially consented to a search of his cell phone. The search revealed ingoing and outgoing messages at the approximate time of the crash. Shortly thereafter, defendant revoked his consent to examine the phone. Shoudel could not recall if defendant ever inquired into the victim's well-being.

¶ 12       Defendant's mother also testified. According to her, defendant fought drug addiction for 17 years. He became addicted to prescription pain medicine after an injury in high school. Over the years, defendant unsuccessfully attempted seven drug rehabilitation programs. He also had several overdoses and two suicide attempts. She and her husband relied on defendant's help with basic household chores.

¶ 13       Defendant made a statement in allocution. He was sorry for what he did and for what his family has gone through. Defendant was shocked when he learned that fentanyl was in his system and that he "would never knowingly take Fentanyl." At the time of the accident, defendant tried to "detox" himself from his prescribed methadone and ingested what he believed to be "Xanax" the night before the accident. Defendant later learned that the Xanax he took actually contained fentanyl, heroin, and other opioids. Defendant denied being impaired at the time of the accident. He claimed he caused the accident "due to heavy traffic," the "sun shining in [his] eyes," and "answering a cell phone call[.]"

¶ 14       Following the evidence, the State made its argument in aggravation. The State emphasized defendant's criminal record and his failure to successfully complete drug rehabilitation. The State asked the court to impose a maximum 12-year sentence.

¶ 15       The defense described the defendant's situation as a "classic case of opioid dependency which started with a prescription in [defendant's] early [twenties]." Defense counsel argued that defendant was not impaired at the time of the accident, and that his use of the cell phone caused the accident. Further, the defense argued that "[defendant]'s actions in this matter were neither premeditated nor malicious. It did not involve vengeance or passion. There was no intent to harm anyone or break the law."

¶ 16       Following the arguments, the court began its sentencing decision by stating:

"The Court having considered the evidence at the stipulated bench trial, the presentence investigation, the history, character and attitude of the defendant, the evidence presented here today and the arguments of counsel, the defendant's statement in allocution and statutory matters in aggravation and mitigation will begin by finding that none of the statutory factors in mitigation are applicable."

As to the factors in aggravation, the court noted defendant's long history of criminal activity and the need to deter others from committing the same offense. The court found it unlikely that defendant would comply with the terms or conditions of probation, given that defendant had a history of prior probations and supervisions that were revoked or terminated unsatisfactorily. Defendant's history showed an endless addiction to drugs, despite having a family who cared about him emotionally and invested significant resources in his care. The court noted that the PSI indicated defendant failed to succeed in approximately 16 drug treatment programs. The court ultimately sentenced defendant to 11 years' imprisonment.

¶ 17 Defendant filed a motion to reconsider his sentence. He argued that the court imposed an excessive sentence where defendant "did not contemplate that his conduct, the use of his cell phone while driving, would cause physical harm to anyone."

¶ 18 At the hearing on the motion, the defense again argued that defendant did not drive while impaired. Instead, defendant caused the accident by his distracted use of his cell phone. Defendant did not intend to cause any harm to the victim.

¶ 19 The State responded by arguing that defendant was found guilty of aggravated DUI, not aggravated use of a cell phone. Thus, the State believed defendant's intent was not relevant. The State also argued that the factors in aggravation supported the sentence imposed.

¶ 20      The court responded,

> "In one hand the testimony of Officer Shoudel seems to
> suggest that the Defendant had some sign of impairment ***. That's
> not as clear. But the Court can say definitively that there were no
> signs of impairment."

However, the court again emphasized defendant's criminal history, drug addiction, and the injuries suffered by the victim in this case. The court did amend the sentencing order to recommend defendant's placement in a substance abuse program, but otherwise denied defendant's motion to reconsider.

¶ 21                                II. ANALYSIS

¶ 22      On appeal, defendant contends that his sentence is excessive. He claims the trial court abused its discretion by failing to consider a mitigating factor during sentencing. The State contends that defendant forfeited this sentencing issue by failing to make an objection during the court's pronouncement of the sentence. To preserve an issue for appeal, a defendant must make a contemporaneous objection at trial and raise the issue in his posttrial motion. See *People v. Harvey*, 2018 IL 122325, ¶ 15. We find a contemporaneous objection is not required in this case.

¶ 23      In *People v. Saldivar*, 113 Ill. 2d 256 (1986), defendant was found guilty of voluntary manslaughter. When imposing the sentence, the court considered defendant's conduct caused death and "terrible harm that was caused to the victim" as an aggravating factor. *Id.* at 264. Defendant did not object. On appeal, defendant argued the trial court improperly considered an element of the offense as an aggravating factor at sentencing. The State argued that defendant forfeited the issue by failing to make a contemporaneous objection or raise the issue in a posttrial motion. The supreme court rejected the argument. The supreme court focused on defense counsel's

argument at the sentencing hearing, in which counsel preemptively argued that the victim's death is inherent in the offense. The court found the circumstances were not,

> "a proper case for the application of the waiver rule. *** To preserve any error of the court made at that time, it was not necessary for counsel to interrupt the judge and point out that he was considering wrong factors in aggravation, especially in light of the argument that had preceded the ruling." *Id*. at 266.

¶ 24 In this case, defense counsel specifically argued "[defendant]'s actions in this matter were neither premeditated nor malicious. It did not involve vengeance or passion. There was no intent to harm anyone or break the law." This argument alerted the court to consider this evidence in mitigation. An objection during the pronouncement of the sentence would accomplish nothing under these circumstances. Defendant's motion to reconsider his sentence also raised the argument that defendant did not intend to cause harm to the victim. The court held a hearing to specifically address the issue. The purpose of preserving errors is to apprise the trial court of the specific claim of error raised on appeal and to provide the court with an opportunity to address it. That occurred here. Consequently, like *Saldivar*, defendant in this case preserved the issue for review.

¶ 25 Turning to the merits of defendant's sentencing argument. Defendant claims the trial court erred in failing to consider one factor in mitigation: that he did not contemplate his criminal conduct would cause or threaten serious physical harm to another. See 730 ILCS 5/5-5-3.1(a)(2) (West 2018); *People v. Steppan*, 105 Ill. 2d 310, 323 (1985). This court will not disturb a sentence absent an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 379 (1991).

¶ 26 Defendant notes that there is no evidence of his impairment at the time of the accident. He claims he did not intend to cause the injury. Instead, he describes the injury to the victim as an

- 7 -

accident caused by his distracted driving. Where a defendant presents evidence in mitigation, it is presumed that the trial court considered said evidence. *People v. Pippen*, 324 Ill. App. 3d 649, 653 (2001). This presumption is only overcome by some statement in the record, other than the sentence imposed, which indicates that the court did not do so. *People v. White*, 237 Ill. App. 3d 967, 970 (1992). In making his argument, defendant calls our attention to the sentencing court's statement that "none of the statutory factors in mitigation are applicable." In defendant's view, by finding none of the statutory factors in mitigation "applicable," the court refused to even consider the above evidence.

¶ 27        "[S]tating that no statutory factors in mitigation *apply* is different than stating that the trial court did not *consider* a mitigating factor." (Emphases in original.) *People v. Newbill*, 374 Ill. App. 3d 847, 854 (2007). In other words, there is a difference between considering mitigating evidence and the weight the court assigns to that evidence. Defendant presented the above mitigating evidence during the sentencing hearing. The court stated that it considered the "statutory matters in aggravation and mitigation" when it pronounced the sentence. When denying defendant's motion to reconsider sentence, the court found no evidence of defendant's impairment at the time of the accident. Contrary to defendant's argument, the court did not ignore mitigating evidence. By finding the mitigating factors do not apply, the court simply afforded no weight to that evidence. The court is not required to impose a sentence at the low end of the sentencing range merely because there is some evidence in mitigation. See *Pippen*, 324 Ill. App. 3d at 652.

¶ 28        Moreover, the court had no obligation to accept defendant's description of his conduct as "clearly accidental." Defendant claimed his cell phone distracted him at the time he crashed into the victim. It is common knowledge that distracted driving is dangerous. The danger is amplified—like here—under heavy traffic conditions. The trial court could freely infer that defendant

contemplated that his distracted driving would cause or threaten serious physical harm to another. The court did not abuse its discretion when it assigned no weight to this mitigating factor. Accordingly, we find the trial court did not abuse its discretion when it sentenced defendant to 11 years' imprisonment.

¶ 29                                    III. CONCLUSION

¶ 30        For the foregoing reasons, we affirm the judgment of the circuit court of McDonough County.

¶ 31        Affirmed.