NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230859-U

NO. 4-23-0859

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stark County |
| EDWARD E. EATON JR. | ) | No. 13CF22 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James A. Mack, |
| | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court's order denying defendant's motion to reconsider his sentence is
vacated and the cause is remanded with directions for defense counsel to strictly
comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2     Defendant, Edward E. Eaton Jr., pleaded guilty to predatory criminal sexual assault

of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)), and was sentenced to 24 years' imprisonment.

Following proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.*

(West 2016)), the trial court determined defendant's attorney provided ineffective assistance by

failing to file a motion to reconsider defendant's sentence. Defendant's counsel then filed a motion

to reconsider the sentence but did not file a certificate pursuant to Illinois Supreme Court Rule

604(d) (eff. July 1, 2017). The trial court denied defendant's motion to reconsider his sentence. On

appeal, the Third District Appellate Court allowed defendant's unopposed motion to remand to the

trial court for compliance with Rule 604(d) and dismissed the appeal. *People v. Eaton*, No. 3-21-0088 (Jan. 11, 2022).

¶ 3        On remand, the trial court allowed defendant's counsel to file a Rule 604(d) certificate, stating it was to be "entered of record *nunc pro tunc* to December 14, 2018, the same date on which the Amended Petition for Post-Conviction Relief was filed." Counsel then filed a notice of appeal. In this appeal, defendant argues he is entitled to another remand because defense counsel again failed to comply with Rule 604(d). The State agrees this case should be remanded for compliance with Rule 604(d). We vacate the denial of defendant's motion to reconsider his sentence and remand for further proceedings.

¶ 4                                I. BACKGROUND

¶ 5        In September 2013, defendant was charged with two counts of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2012)). He subsequently entered a plea of guilty to one count, and the other count was dismissed. Following a sentencing hearing, the trial court sentenced defendant to 24 years' imprisonment. Defendant did not file a direct appeal.

¶ 6        In June 2016, defendant filed a *pro se* motion for reduction of his sentence and a petition seeking relief under the Act. In pertinent part, defendant alleged he asked his attorney to file a motion to reduce his sentence and counsel failed to do so. The trial court appointed postconviction counsel, and defendant's amended postconviction petition eventually advanced to an evidentiary hearing. Following the evidentiary hearing, the court determined defense counsel provided ineffective assistance by failing to timely file a motion to reconsider defendant's sentence. The court, therefore, granted defendant postconviction relief and allowed him to file a motion to reconsider his sentence.

¶ 7        In November 2019, defense counsel filed a motion to reconsider defendant's sentence, but counsel did not file a certificate of compliance with Rule 604(d). The trial court denied defendant's motion to reconsider his sentence. On appeal, the Third District allowed defendant's unopposed motion to remand for compliance with Rule 604(d) and dismissed the appeal. *Eaton*, No. 3-21-0088 (Jan. 11, 2022).

¶ 8        On remand, the trial court granted defense counsel's motion to withdraw and appointed a new attorney to represent defendant. At a subsequent hearing, defendant's new attorney proposed two potential courses for proceeding: (1) refiling the motion to reconsider the sentence with a Rule 604(d) certificate and conducting a new hearing on the motion or (2) allowing defendant's previous counsel to file a Rule 604(d) certificate *nunc pro tunc* to the date the original motion to reconsider the sentence was filed. According to counsel, the first option "would involve probably zero judicial economy" and the second option would eliminate the need for another hearing on defendant's motion to reconsider his sentence.

¶ 9        Defendant's previous attorney was present at the hearing and agreed to file a Rule 604(d) certificate *nunc pro tunc* and then file a notice of appeal. The trial court responded, "If you feel it appropriate, [defense counsel], you should file the [Rule] 604(d) certificate and then I guess a separate document. I will allow that to be filed *nunc pro tunc*."

¶ 10       On September 12, 2023, counsel filed a "Certificate of Post-Conviction Counsel Pursuant to Illinois Supreme Court Rule (604(d))." In the certificate, counsel requested, "pursuant to the [trial court's] ruling," that it be "entered of record *nunc pro tunc* to December 14, 2018, the same date on which the Amended Petition for Post-Conviction Relief was filed by certifying counsel after having amended and supplemented the Defendant's *pro se* petition in multiple aspects." The certificate states:

"1. I have consulted with the Defendant multiple times in person and by mail prior to preparing the Amended Petition for Post-Conviction relief, acknowledging as much in the Amended Petition itself at Paragraph 8.

'After having now discussed this case in person with the Defendant on multiple occasions, present counsel for [defendant] has determined that the Defendant wishes to allege the following additional instances of alleged violations of his constitutional rights …'

2. I have examined the entire common law record and have ordered, received and reviewed transcripts of all proceedings conducted in the case at the trial court level, as well as having had reviewed all related appellate court documents and correspondence between the Defendant and the State Appellate Defender's office.

3. I have amended the Defendant's *pro se* post-conviction relief petition extensively, with those amendments having been specifically noted in the Amended Petition.

4. Furthermore, I have pleaded claims made by the Defendant in his original *pro se* motion with more particularity as is evident in the Amended Petition for Post-Conviction Relief."

¶ 11    Counsel then filed a notice of appeal.

¶ 12    This appeal followed.

¶ 13                              II. ANALYSIS

- 4 -

¶ 14　　　　On appeal, defendant argues this court should remand for additional postplea proceedings because his attorney has again failed to comply with Rule 604(d). Defendant contends, when a case is remanded for compliance with Rule 604(d), counsel is required to file a certificate of compliance along with a new postplea motion if counsel determines a new motion is necessary. A new hearing must then be conducted on the motion. Defendant maintains none of those requirements were met in this case.

¶ 15　　　　Defendant also argues a *nunc pro tunc* motion cannot be used to correct the error in failing to file a Rule 604(d) certificate. Further, even if this case presented an appropriate use of a *nunc pro tunc* motion, the certificate filed in this case failed to comply with Rule 604(d) for several reasons, including (1) it did not state counsel consulted with defendant to ascertain his contentions of error in the sentence and entry of the guilty plea and (2) it repeatedly referred to the amended postconviction petition, which is not relevant to these proceedings involving defendant's motion to reconsider his sentence. Defendant requests a remand for compliance with Rule 604(d) and new postplea proceedings. Alternatively, defendant contends this court should remand for resentencing because the trial court improperly considered a factor inherent in the offense when imposing his sentence.

¶ 16　　　　The State concedes defendant's counsel failed to comply with Rule 604(d) and agrees this case should be remanded again for compliance. The State acknowledges the attempt to correct the error with a certificate filed *nunc pro tunc* did not provide defendant with the required remedy following remand for compliance with Rule 604(d). We agree.

¶ 17　　　　The proceedings on remand in this case were not sufficient to comply with Rule 604(d) in any respect. Rule 604(d) provides, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\* \* \*

\*\*\* The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 18        Strict compliance with Rule 604(d) is required. *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008) (citing *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). Our supreme court has held:

"[W]hen defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 19        None of the requirements listed in *Lindsay* were met following the remand for compliance with Rule 604(d). First, the certificate filed by counsel on remand did not comply with

Rule 604(d). Defense counsel only certified he consulted with defendant "prior to preparing the Amended Petition for Post-Conviction Relief." Counsel did not certify he consulted with defendant to "ascertain [his] contentions of error in the sentence and the entry of the plea of guilty." See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 20 Counsel also failed to certify he "made any amendments to the motion necessary for adequate presentation of any defects" in the sentencing and guilty plea proceedings. See *id.* Instead, counsel certified he "amended the Defendant's *pro se* post-conviction petition extensively" and "pleaded claims made by the Defendant in his original *pro se* motion with more particularity as is evident in the Amended Petition for Post-Conviction Relief." All of counsel's statements in his certificate refer to the postconviction petition and the amendments to the petition alleging violations of defendant's constitutional rights. However, defendant's postconviction claims are not at issue here. Postconviction relief was granted in this case, allowing defendant the opportunity to file a postplea motion to reconsider his sentence. This case involves those postplea proceedings where the requirements of Rule 604(d) must be met. The only matter currently before the court is compliance with Rule 604(d) and the requirements set forth in *Lindsay* on remand. See *Eaton*, No. 3-21-0088 (Jan. 11, 2022) (allowing defendant's unopposed motion to remand to the trial court for compliance with Rule 604(d)). The third requirement from *Lindsay* has also not been met because no new hearing was held on defendant's postplea motion.

¶ 21 Additionally, we note that even if the certificate filed by counsel was sufficient to comply with Rule 604(d), the original noncompliance with the rule could not be corrected by filing the certificate pursuant to a *nunc pro tunc* order. " 'A *nunc pro tunc* order is an entry now for something that was done on a previous date and is made to make the record speak now for what was actually done then.' " *In re Aaron R.*, 387 Ill. App. 3d 1130, 1139-40 (2009) (quoting *Pestka*

*v. Town of Fort Sheridan Co.*, 371 Ill. App. 3d 286, 295 (2007)). *Nunc pro tunc* orders may only be used to correct clerical errors or to make the record reflect what actually occurred. *Id.* at 1140. Counsel's failure to file a Rule 604(d) certificate with defendant's motion to reconsider his sentence was not a clerical error that could be corrected with a *nunc pro tunc* order. See *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 38 (late filing of a motion to reconsider was not a clerical error that could be remedied by a *nunc pro tunc* motion). Further, according to counsel's certificate, it was to be "entered of record *nunc pro tunc* to December 14, 2018, the same date on which the Amended Petition for Post-Conviction Relief was filed." However, the Rule 604(d) certificate should have been included with defendant's motion to reconsider his sentence, which was filed on November 21, 2019, not with his previously filed amended postconviction petition.

¶ 22      In sum, the procedure employed on remand in this case was insufficient to comply with the requirements of Rule 604(d) and *Lindsay*. Defendant has not been provided with full and fair postplea proceedings in this case. Accordingly, we vacate the trial court's order denying defendant's motion to reconsider his sentence and remand for (1) the filing of a valid Rule 604(d) certificate, (2) the opportunity to file a new motion to reconsider the sentence, if counsel concludes a new motion is necessary, and (3) a new motion hearing. See *Lindsay*, 239 Ill. 2d at 531; Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Given our decision remanding this case for further postplea proceedings, we do not consider defendant's alternative argument that the court improperly considered a factor inherent in the offense when imposing his sentence.

¶ 23                          III. CONCLUSION

¶ 24      For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 25      Vacated; cause remanded with directions.