NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250680-U

NO. 4-25-0680

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 23, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stark County |
| EDWARD E. EATON JR., | ) | No. 13CF22 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James A. Mack, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Zenoff and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in sentencing defendant to 21 years' imprisonment for predatory criminal sexual assault of a child.

¶ 2    In June 2014, defendant, Edward E. Eaton Jr., pleaded guilty to predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) and was sentenced to 24 years' imprisonment. Following proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), the trial court granted defendant postconviction relief and allowed him to file a motion to reconsider his sentence.

¶ 3    After multiple remands for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), postplea counsel filed a new Rule 604(d) certificate and an amended motion to reconsider defendant's sentence. See *People v. Eaton*, No. 3-21-0088 (Jan. 11, 2022) (unpublished order); *People v. Eaton*, 2024 IL App (4th) 230859-U. The trial court held a hearing on the

amended motion to reconsider on February 14, 2025. After hearing the parties' arguments, the court reduced defendant's sentence to 21 years' imprisonment. Postplea counsel then filed a motion to reconsider the 21-year sentence. Following a hearing, the court denied the motion to reconsider. Defendant appeals, arguing his sentence is excessive because the court failed to give proper weight to certain mitigating factors. We affirm.

¶ 4                                     I. BACKGROUND

¶ 5          In September 2013, defendant was charged with two counts of predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2012)). Defendant subsequently entered a plea of guilty to one count, and the other count was dismissed. The trial court sentenced defendant to 24 years' imprisonment. Defendant did not file a direct appeal.

¶ 6          On June 27, 2016, defendant filed a postconviction petition under the Act pertaining to plea counsel's failure to file a motion to reconsider his sentence. The trial court granted defendant postconviction relief in October 2019 and allowed him to file a motion to reconsider his sentence. Postplea counsel subsequently filed a motion to reconsider defendant's sentence but did not file a certificate of compliance in accordance with Rule 604(d).

¶ 7          In February 2021, the trial court denied defendant's motion to reconsider his sentence following a hearing. On appeal, the Appellate Court, Third District, granted defendant's unopposed motion to remand for compliance with Rule 604(d) and dismissed the appeal. *Eaton*, No. 3-21-0088 (Jan. 11, 2022) (unpublished order).

¶ 8          On remand, the trial court allowed postplea counsel to file a Rule 604(d) certificate *nunc pro tunc* to the date the motion to reconsider counsel sentence was filed. No new hearing was held on the motion to reconsider.

¶ 9          In August 2024, this court vacated the denial of defendant's motion to reconsider

and remanded for new postplea proceedings and strict compliance with Rule 604(d). *Eaton*, 2024 IL App (4th) 230859-U, ¶ 22.

¶ 10 On remand, postplea counsel filed a new Rule 604(d) certificate and an amended motion to reconsider defendant's sentence. The amended motion asserted the original sentencing court improperly considered the psychological harm it had witnessed in other sexual assault cases when sentencing defendant in this case. The motion also raised defendant's history of mental disability as mitigating evidence omitted by plea counsel. Following a hearing, the trial court ruled on the amended motion:

> "I reviewed the charges, the plea, [the] appellate opinion that brings us here today, the motion to reconsider, response to the motion to reconsider. So I have reviewed the original [presentence investigation report (PSI)] prepared in this case, sections of [the] transcript as well as prior words from the appellate court.
>
> In reviewing all of these—[the] case law that's cited, I do believe that [defendant's] sentence was excessive. I believe that the original sentencing judge put—although he can consider harm to the victim, his statements went beyond that and beyond what was presented at the sentencing hearing.
>
> Addressing the other matters brought up in the motion brought up in the motion, [that] there was mitigating evidence *** not put into evidence by the original attorney. However, those items were all in the [PSI] in regard to diminished capacity, the accident, the finding of disability and special education classes, and the like, prior to this."

¶ 11 The trial court reduced defendant's sentence to 21 years' imprisonment. Postplea counsel then filed a new motion to reconsider defendant's 21-year sentence and an accompanying

Rule 604(d) certificate. The court denied the motion to reconsider.

¶ 12　　　　　This appeal followed.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　　On appeal, defendant argues his 21-year sentence is excessive. Specifically, defendant contends the trial court failed to give proper weight to several mitigating factors, including his history of mental illness and substance abuse, his traumatic upbringing, a previous finding of unfitness, and his guilty plea.

¶ 15　　　　　A trial court's sentence must be based on "the particular circumstances of the case, including (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 102. Additionally, the Unified Code of Corrections (Unified Code) (730 ILCS 5/1-1-1 *et seq.* (West 2012)) sets forth the mitigating and aggravating factors the court must consider when determining an appropriate sentence. See *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105. However, "[t]he weight to be given to any proper factor *** is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." (Emphasis omitted.) *Id.* ¶ 104. "A trial court's sentence is an abuse of discretion only if it is greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Klein*, 2022 IL App (4th) 200599, ¶ 38. Moreover, "[a] sentence imposed within the statutory range provided by the legislature is presumed to be proper." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. "In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *People v. Fern*, 189 Ill. 2d 48, 53 (1999).

¶ 16    Based on his guilty plea to predatory criminal sexual assault of a child, defendant was subject to a sentencing range of 6 to 60 years' imprisonment. 720 ILCS 5/11-1.40(b)(1) (West 2012). The trial court imposed a sentence of 21 years, well within the statutory range, when it lowered defendant's original sentence by 3 years.

¶ 17    Defendant argues the trial court failed to give significant weight to several mitigating factors that warranted a further reduction of his sentence. First, defendant contends his history of mental illness and substance abuse was mitigating. Second, defendant points to his challenging upbringing, including his own history of abuse, neglect, and disability. Third, defendant explains he was found unfit to stand trial before being restored to fitness prior to his guilty plea. Lastly, defendant asserts his guilty plea favored "leniency" in sentencing.

¶ 18    "[I]t is presumed a trial court considered all relevant mitigating and aggravating factors in fashioning a sentence, and that presumption will not be overcome absent explicit evidence from the record that the trial court failed to consider mitigating factors." *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 43. The court does not need to recite and assign value to each factor it considers. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. "A defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." *People v. Pippen*, 324 Ill. App. 3d 649, 652 (2001). Further, the trial court is not required to reduce a sentence from the maximum allowed due to the existence of mitigating factors. *Id.*

¶ 19    Here, all the mitigating factors defendant points to were presented to the trial court. Nothing in the record affirmatively demonstrates the court failed to consider any of the mitigating factors present. Indeed, the court expressly indicated it had reviewed defendant's guilty plea, the earlier sentencing hearing, and the original PSI containing mitigation evidence. The court reduced

defendant's sentence to 21 years after "reviewing all" of these matters. By arguing the court "failed to give significant weight" to mitigating factors, defendant is essentially asking this court to rebalance the mitigating and aggravating factors and substitute our judgment for the judgment of the trial court, which we cannot and will not do. See *People v. Alexander*, 239 Ill. 2d 205, 214-15 (2010).

¶ 20 Further, not all of defendant's proposed factors were inherently mitigating. While "a trial court may properly grant leniency to the defendant who pleads guilty," such decisions belong to the trial court's discretion. (Internal quotation marks omitted.) *People v. O'Neal*, 2021 IL App (4th) 200014, ¶ 71. Further, we note "the trial court [was] not required to view drug addiction as a mitigating factor." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105. "Under the Unified Code, drug addiction is not an explicit factor in mitigation or aggravation." *Id.* "Instead, a history of substance abuse is a 'double-edged sword' that the trial court may view as a mitigating or aggravating factor." *Id.* (quoting *People v. Mertz*, 218 Ill. 2d 1, 83 (2005)).

¶ 21 When sentencing defendant, it was within the trial court's discretion to weigh the seriousness of his conduct over the mitigating factors. See *Pippen*, 324 Ill. App. 3d at 652 ("A defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense."). Ultimately, the court did not abuse its discretion in sentencing defendant to 21 years' imprisonment.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we affirm the trial court's judgment.

¶ 24 Affirmed.